OPINION
{¶ 1} On November 30, 1985, appellant, Mary Boney, and appellee, Wayne Boney, were married. On March 9, 2004, appellant filed a complaint for divorce. The parties settled all matters via a separation agreement save for the issue of spousal support.
 {¶ 2} A hearing was held on May 11, 2005. By judgment entry filed May 31, 2005, the trial court granted the parties a divorce and ordered appellant to pay appellee $1,000.00 per month for seventy months for spousal support and $1,200.00 for attorney fees.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING AN UNREASONABLE AWARD AND UNREASONABLE DURATION OF SPOUSAL SUPPORT, THEREBY ENABLING THE DEFENDANT-APPELLEE TO MAKE A PROFIT AT THE EXPENSE OF THE PLAINTIFF-APPELLANT."
 II {¶ 5} "THE TRIAL COURT ERRED IN DETERMINING THAT A `NEED' EXISTED FOR THE APPELLEE IN AWARDING SPOUSAL SUPPORT BASED UPON THE APPELLEE'S AND APPELLANT'S TESTIMONY THAT THE PLUMBING BUSINESS TAX RETURNS WERE FALSIFIED BY NOT REPORTING A SUBSTANTIAL AMOUNT OF CASH GENERATED IN THE BUSINESS, AND THE TRIAL COURT WAS `CONVINCED' THE APPELLEE HAD SUBSTANTIAL UNREPORTED CASH INCOME FROM THE PLUMBING BUSINESS."
 III {¶ 6} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING ATTORNEY FEES TO THE APPELLEE, WHEN THERE WAS NO SHOWING THAT SUCH AN AWARD WOULD BE EQUITABLE FOR THE APPELLEE PURSUANT TO R.C. 3105.73."
 I, II {¶ 7} Appellant claims the trial court erred in awarding an unreasonable amount and duration of spousal support. We disagree.
 {¶ 8} R.C. 3105.18 governs awards of spousal support and modification and states as follows:
 {¶ 9} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 10} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 11} "(b) The relative earning abilities of the parties;
 {¶ 12} "(c) The ages and the physical, mental and emotional conditions of the parties;
 {¶ 13} "(d) The retirement benefits of the parties;
 {¶ 14} "(e) The duration of the marriage;
 {¶ 15} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 16} "(g) The standard of living of the parties established during the marriage;
 {¶ 17} "(h) The relative extent of education of the parties;
 {¶ 18} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 19} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 20} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience, and employment, is in fact, sought;
 {¶ 21} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 22} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 23} "(n) Any other factors that the court expressly finds to be relevant and equitable."
 {¶ 24} The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherry v. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb. v. Holcomb (1989),44 Ohio St.3d 128. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 25} In its judgment entry of May 31, 2005, the trial court considered the factors set forth in R.C. 3105.18(C) and ordered appellant to pay appellee spousal support in the amount of $1,000.00 per month for seventy months, finding the following in pertinent part at Finding of Fact No. 5(A):
 {¶ 26} "The Wife is employed as a pharmacist for Marc Glassman at the Marc's at Belden Village. * * * She listed her income on her financial statement at $90,000 per year. Husband is retired from the Timken Company after working there for 35 years. He currently receives a gross pension distribution of $1697 per month. He nets $1297 per month. Husband also operates a plumbing business. In the year 2000, that business lost $1991. In 2001, it lost $1707. In 2002, it showed a profit of $2142. In 2003, it lost $390 and in 2004, it lost $547. So for the five year period, 2000 to 2004, the net loss from the plumbing business was $2493. In order to achieve those dismal financial results, over the same five-year period, Husband invested $55,883 in car and truck expense, depreciated $28,261 worth of property and incurred $17,846 of expense for business meals. One can only speculate why someone operating a plumbing business would need to spend that much money on business meals. The Wife testified under oath that the parties had falsified their tax returns and this would certainly seem to be the case. At that time, the Wife was talking specifically about not reporting cash income and cash expenses, but it is clear that even some of the reported items are highly suspect. In addition, the tax returns presented as exhibits do not contain certain schedules which would enable the Court to investigate further into these apparently excessive expenses. The Court is convinced that Husband is earning a substantial amount of unreported tax-free income from his plumbing business."
 {¶ 27} Appellee testified that his income for the plumbing business was a loss of $547 in 2004, a loss of $390 in 2003, an income of $2,142 in 2002, a loss of $1,700 in 2001 and a loss of $1,991 in 2000. T. at 7, 9. As a result of appellant moving out of the marital residence with all of the furniture, in contravention of the restraining order, appellee incurred significant credit card debt. T. at 10-11.
 {¶ 28} On cross-examination, appellant's counsel developed facts that the plumbing business did a decent amount of work over the past four years. T. at 20. Both appellant and appellee admitted employees were paid in cash however, appellee claimed it was never reported. T. at 36, 47-48. Further, appellant stated extra moneys from the plumbing business were used by the parties jointly to benefit their lifestyle. T. at 47-48. Although appellant opined there was extra cash from the plumbing business, the only proof presented was the IRS returns. T. at 56-58.
 {¶ 29} We find although there appears to be some question as to the plumbing business's profitability, the record does not establish what it was. Given the fact that there is a vast discrepancy in the parties' income, the amount of debt incurred by appellee as a result of appellant taking the household furniture and the duration of the marriage, we find the trial court did not abuse its discretion in its award of spousal support.
 {¶ 30} Assignments of Error I and II are denied.
 III {¶ 31} Appellant claims the trial court erred in awarding appellee attorney fees. We agree.
 {¶ 32} R.C. 3105.73 governs the award of attorney fees. Subsection (A) states the following:
 {¶ 33} "In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."
 {¶ 34} We note appellant did not object to the amount and reasonableness of the attorney fees during the hearing. T. at 10. However, given the fact the record does not establish whether appellee is unable to pay his attorney and the trial court awarded appellee $1,000 per month for spousal support, we find no reason to award attorney fees. The trial court clearly conceded there were some fast and loose dealings with the accounting for the plumbing business's profits. To award attorney fees to appellee would be rewarding him for questionable activity.
 {¶ 35} Assignment of Error III is granted.
 {¶ 36} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed in part and reversed in part.
Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed in part and reversed in part. Costs to be divided equally between the parties.