**TSAI, Appellant and Cross-Appellee,**

v.

**TIEN, Appellee and Cross-Appellant.**

[Cite as *Tsai v. Tien,* 162 Ohio App.3d 89, 2005-Ohio-3520.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2004CA00312.

Decided July 5, 2005.

90

Stanley R. Rubin, for appellant and cross-appellee.

John W.erren, for appellee and cross-appellant.

———————————

HOFFMAN, Judge.

{¶ 1} Appellant and cross-appellee, John Tsai, appeals the September 8, 2004 judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division, denying his motion to modify his spousal-support obligation. Appellee and cross-appellant, Xiao–Ying Tien, appeals the section of the September 8, 2004 judgment entry modifying the parties' separation agreement relative to appellant and cross-appellee's obligation to maintain a policy of life insurance for the benefit of the parties' children beyond the age of the children's majority.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} The parties were married on June 24, 1988, and two children were born as issue of their marriage. Appellant and cross-appellee filed a complaint for divorce on December 21, 2000. On June 28, 2002, the trial court issued a judgment entry and decree of divorce, incorporating the parties' separation agreement. On August 5, 2002, appellant and cross-appellee filed a motion for modification of child and spousal support. By judgment entry filed September 28, 2002, the trial court overruled the motion.

{¶ 3} On January 24, 2003, appellant and cross-appellee again moved for modification of his child- and spousal-support obligations. The trial court conducted an evidentiary hearing on February 26, 2004. In an amended magistrate's decision, the magistrate recommended a reduction in appellant and cross-appellee's child-support obligation from $2,488.20 to $2,114.26 per month. The trial court denied the remainder of appellant and cross-appellee's motion for modification of his spousal-support obligation, and modified the parties' divorce-decree provision requiring that appellant and cross-appellee maintain life insurance for the benefit of the parties' children until they reached the age of 18.[1] On September 8, 2004, by judgment entry, the trial court approved and adopted the amended magistrate's decision, overruling the parties' objections.

{¶ 4} It is from the trial court's September 8, 2004 judgment entry that the parties now appeal. Appellant and cross-appellee assigns as error:

{¶ 5} "I. The trial court abused its discretion in refusing to modify appellant's spousal support obligation where his income had decreased by $60,000, or 12%."

———————————

1. The decree of divorce specified that life insurance was to be maintained until the children reached age 25.

{¶ 6} Appellee and cross-appellant assigns as error:

{¶ 7} "I. The trial court erred when it modified the provisions of an in-court separation agreement, incorporated into the parties' 2002 decree of divorce, relative to cross-appellee's obligation to maintain a policy of life insurance for the benefit of the parties' children beyond the age of the children's majority."

{¶ 8} "II. Did the trial court commit reversible error when it modified the provisions of an in-court separation, incorporated into the parties' 2002 decree of divorce, relative to cross-appellee's obligation to maintain a policy of life insurance for the benefit of the parties' children beyond the age of the children's majority?"

{¶ 9} We first address appellant and cross-appellee's arguments. In his sole assignment of error, appellant and cross-appellee maintains that the trial court erred in denying his motion to modify his spousal-support obligation despite a reduction in his income.

{¶ 10} Modifications of spousal support are reviewable under an abuse-of-discretion standard. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. "Modification of a spousal support award is appropriate only when there has been a substantial change in the circumstances of either party that was not contemplated at the time the existing award was made." *Moore v. Moore* (1997), 120 Ohio App.3d 488, 491, 698 N.E.2d 459, citing *Leighner v. Leighner* (1986), 33 Ohio App.3d 214, 215, 515 N.E.2d 625. See R.C. 3105.18(E). In order to constitute a basis for modifying spousal support, the change of circumstances required must be material and not purposely brought about by the moving party and not contemplated at the time the parties entered into the prior agreement or order. *Roberson v. Roberson* (Nov. 29, 1993), Licking App. No. 93-CA-42, 1993 WL 500325.

{¶ 11} R.C. 3105.18 governs the trial court's consideration in modifying an existing spousal-support order. The statute states:

{¶ 12} "(E) If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

{¶ 13} "(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

{¶ 14} "(2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

{¶ 15} "(F) For purposes of divisions (D) and (E) of this section, a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses."

{¶ 16} The burden of establishing the need for modification of spousal support rests with the party seeking modification. *Tremaine v. Tremaine* (1996), 111 Ohio App.3d 703, 676 N.E.2d 1249.

{¶ 17} It is clear that the trial court had authority to modify the spousal-support obligation, as the parties' divorce decree provides, "The Court hereby expressly retains jurisdiction with respect to the amount of spousal support."

{¶ 18} Accordingly, we proceed to the statutory analysis set forth above and adopt the opinion of the Ninth District Court of Appeals in *Kingsolver v. Kingsolver*, 9th Dist. No. 21773, 2004-Ohio-3844, 2004 WL 1620723, holding that R.C. 3105.18 does not require a substantial change in circumstances. The Ninth District held:

{¶ 19} "In sum, we find that the holding in *Leighner* [33 Ohio App.3d 214, 515 N.E.2d 625] remains good law with respect to the two-part analysis that should be applied when a trial court is asked to modify an existing spousal support order. However, the *Leighner* definition of 'change of circumstances' is no longer the appropriate standard in determining whether a trial court has the jurisdiction to modify a support order. The term 'any,' as it is used in R.C. 3105.18(F), does not mean 'substantial' or 'drastic.' In reviewing a party's request to modify a spousal support, the trial court need only determine whether a change has occurred in the party's economic status (i.e., an increase or decrease in wages, salary, living expenses, or medical expenses) *after* the spousal support order was entered into. The change could have less than a significant effect on the party's economic status; it is within the discretion of the trial court to decide whether a change has, in fact, occurred." (Emphasis sic.)

{¶ 20} While we find the statute requires more than a nominal change, we depart from prior holdings requiring the party seeking modification to demonstrate a substantial change.

{¶ 21} The amended magistrate's decision held:

{¶ 22} "A court that enters a spousal support order in a decree of divorce is authorized to modify its spousal support order if the agreement contains a provision specifically authorizing the court to modify the amount or terms of the spousal support and the circumstances of either party have changed since the decree was entered. O.R.C. 3105.18(E).

{¶ 23} " 'Modification of a spousal support award is appropriate only when there has been a substantial change in the circumstances of either party that was not contemplated at the time the existing award was made.' *Moore v. Moore* (1997), 120 Ohio App.3d 488, 698 N.E.2d 459, citing *Leighner v. Leighner* (1986), 33 Ohio App.3d 214, 215, 515 N.E.2d 625. See O.R.C. 3105.18(E). To justify a modification of spousal support, there must be a drastic change in the economic situation of either party. *Caughenbaugh v. Caughenbaugh* [ (Apr. 1, 1987), 5th Dist. No. 32–CA–86, 1987 WL 9959]. See also, *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399 [75 O.O.2d 474], 350 N.E.2d 413.

{¶ 24} "6. *Only after satisfying this threshold determination of a substantial change in circumstances may the court then proceed to a consideration of whether or not the existing order should be modified.* This latter inquiry requires a re-examination of the existing order in light of the changed circumstances, and requires a two-step determination: First, is sustenance alimony still necessary? And, if so, what amount is reasonable? In addressing the question of whether the existing order should be modified, the trial court's discretion is guided and limited by consideration of all relevant factors, including those listed in O.R.C. 3105.18(B). *Leighner v. Leighner* (1986), 33 Ohio App.3d 214, 215, 515 N.E.2d 625. See also, *Schwab v. Schwab* (August 23, 1999), Stark App. No. 98–CA–315 at 3 [1999 WL 668847] citing *Norris v. Norris* (1982), 13 Ohio App.3d 248 [13 OBR 310], 469 N.E.2d 76.

{¶ 25} "7. The burden of persuasion with respect to the modification sought remains with the movant. *Joseph v. Joseph* (1997), 122 Ohio App.3d 734, 702 N.E.2d 949. See O.R.C. 3105.18(E).

{¶ 26} "8. 'A change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses.' O.R.C. 3105.18(F). The change of circumstances must not have been purposely brought about by the party seeking the modification. *Roach v. Roach* (1989), 61 Ohio App.3d 315, 319, 572 N.E.2d 772, 774.

{¶ 27} "9. The court has jurisdiction to address the issue of spousal support in this case. The parties specifically reserved jurisdiction for modification of the amount of monthly spousal support. The issue before this court is whether a change of circumstances exists which would justify a modification of spousal support. As noted above, Section 3105.18(F) indicates that an involuntary decrease in a party's earnings can be a change of circumstance to justify modifying a spousal support order. However, case law has established that a *modification of a spousal support award is appropriate only when there has been a substantial change in the circumstances of either party* that was not contemplated at the time the existing award was made. Clearly, Plaintiff's income has decreased since the decree of divorce was filed. But definitely not to the extent of causing a *substantial change* in the circumstances of the Plaintiff nor to other provisions contained within item number thirteen (13), page four (4) of the parties' decree of divorce remain in full force and effect unless specifically modified herein." (Emphasis added.)

{¶ 28} Upon review, we find that the trial court's opinion is misguided and tainted by the analysis of a substantial change in circumstances rather than the appropriate standard set forth in *Kingsolver.* Although the trial court apparently went on to conduct the second part of the statutory analysis, we fear that its stated reliance upon the wrong standard (substantial change) may well have influenced its conclusion. Therefore, we believe that the interests of fairness require us to sustain appellant's sole of assignment of error and remand the matter to the trial court to redetermine the motion to modify spousal support using the *Kingsolver* standard for change of circumstances.

{¶ 29} On cross-appeal, appellee and cross-appellant argues that the trial court erred in modifying the parties' divorce decree incorporating their separation agreement. The separation agreement provides:

{¶ 30} "13. Plaintiff shall designate defendant as a beneficiary of his life insurance to the extent of any unpaid spousal support due and owing Defendant in the event of the death of the Plaintiff prior to paying all spousal support in full. Plaintiff shall further designate the minor children of the parties as beneficiaries of his life insurance providing a $500,000.00 death benefit to each child, unless such child attains 25 years of age. The Plaintiff shall provide proof of maintaining such life insurance to Defendant at the end of each year."

{¶ 31} The trial court's September 8, 2004 judgment entry modified the provision, finding:

{¶ 32} "10. Item number thirteen (13) on page four (4) of the parties' final decree of divorce is vacated to the extent that it requires the Plaintiff to designate the minor children of the parties as beneficiaries of his life insurance

until each child reaches 25 years of age. Said requirement with regard to the children is replaced with the following: Plaintiff shall further designate the minor children of the parties as beneficiaries of his life insurance providing a $500,000.00 death benefit to each child, unless such child attains the age of eighteen (18) years of age and is graduated from high school, whichever occurs later. All other provisions contained within item number thirteen (13), page four (4) of the parties' decree of divorce remain in full force and effect unless specifically modified herein."

{¶ 33} Appellee and cross-appellant argues that the parties agreed to the original provision in order to insure the availability of funds for the children's college education. Appellee and cross-appellant cites Ohio case law holding that it is sound public policy to endorse agreements between parties to provide a college education for a child even after such child has reached the age of majority. *Grant v. Grant* (1977), 60 Ohio App.2d 277, 14 O.O.3d 249, 396 N.E.2d 1037.

{¶ 34} Appellant and cross-appellee argues that he never agreed to maintain the insurance policies until his children reached 25 years of age. Rather, he believed, at the time the parties agreed to the terms of the separation agreement, he was obligated to maintain the insurance policies only until the children reached the age of 18. He maintains that he did not sign the agreed entry and did not review the language until after it had been filed. As a result, appellant and cross-appellee moved the court to modify the provision of the decree.

{¶ 35} Upon review, we find the trial court's modification of the provision improper. Such terms in the consent decree could only be modified upon the filing of a Civ.R. 60(B) motion. The language sought to be modified was clear and unambiguous, not requiring judicial interpretation. Appellant and cross-appellee's appropriate remedy lies in filing a formal Civ.R. 60(B) motion for relief from judgment. Therefore, we decline to address either party's arguments with regard to the merits of modification at this time. Appellee and cross-appellant's assignments of error are sustained.

{¶ 36} The September 8, 2004 judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed, and this matter is remanded to the trial court for further proceedings.

Judgment reversed
and cause remanded.

BOGGINS, P.J., and EDWARDS, J., concur.