OPINION *Page 2 
{¶ 1} Plaintiff-appellant Harold Sexton appeals from the September 13, 2006 Decision and Judgment Entry of the Richland County Court of Common Pleas, Domestic Relations Division.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Harold Sexton and appellee Kiyoko Sexton were married in July of 1970 in Naha, Okinawa. On September 19, 2002, the two filed a Petition for Dissolution of their marriage in the Richland County Court of Common Pleas, Domestic Relations Division. At the time the petition was filed, there were no unemancipated children.
 {¶ 3} A Judgment Entry Decree of Dissolution was filed on November 15, 2002. The parties' Separation Agreement, which was attached to the decree and incorporated into the same, awarded appellee the exclusive possession and use of the marital residence and ordered appellant to pay all mortgages, insurance, taxes and utilities on the same for a period of ten (10) years. After the ten (10) years was up, the parties agreed in paragraph 7 of the Separation Agreement that the property would be sold and the net proceeds split between them. The Separation Agreement further provided in paragraph 7 that, upon sale of the real estate, appellant would pay appellee $676.50 per month for the remainder of her life "as and for property division." The agreement also provided, in paragraph 10, that "[n]either Husband nor Wife shall pay spousal support to the other, and no court shall have jurisdiction to modify this term, save and except to enforce the provisions contained in Item [paragraph] 7."[1] *Page 3 
 {¶ 4} On March 17, 2004, appellee filed a motion for an order modifying the Decree of Dissolution and increasing appellant's spousal support obligation. Appellee, in her motion, alleged that there had been a substantial change in circumstances because a foreclosure action had been filed against the marital property, appellant had failed to timely pay the utilities, and appellant had filed for disability and was receiving disability payments in lieu of the military pension benefits that he previously was receiving. Appellee asked that spousal support be increased to an amount necessary to satisfy the first and second mortgages, real estate taxes, real estate insurance and utilities at the former marital residence located at 618 S. Main St., Mansfield, Ohio, and to "provide what would otherwise have been one-half of the marital component of husband's military pension and such other and further relief as this Court deems proper."
 {¶ 5} On April 5, 2004, the parties reached an agreement. As memorialized in a Judgment Entry filed on April 14, 2004, the parties agreed that appellant's spousal support obligation "shall be modified and increased to the sum of $1818.00 per month, plus processing fee, commencing April 1, 2004" and that the court would retain continuing jurisdiction over both the duration and amount of spousal support.[2]
The parties further agreed that appellant would no longer be responsible for personally paying the mortgages, real estate taxes, homeowners' insurance and utilities and would *Page 4 
not be responsible for making direct payments to appellee for the marital portion of his military pension. Pursuant to the terms of the agreement, appellee was to pay the mortgages, real estate taxes, homeowners' insurance and utilities out of the money that she received from appellant.
 {¶ 6} Subsequently, on May 20, 2005, appellee filed a motion for contempt against appellant alleging, in part, that appellant had failed to pay her periodic spousal support in the amount of $1,818.00 a month. In response, appellant, on June 29, 2005, filed a motion for modification of spousal support, alleging that, subsequent to the April 14, 2004 Judgment Entry, the parties had filed a Chapter 7 Bankruptcy that discharged both of them from any and all obligations pertaining to the marital property. Appellant also alleged that there had been an unspecified change of circumstances with respect to both his finances and his medical condition.
 {¶ 7} Pursuant to a Judgment Entry filed on June 30, 2005, the parties agreed that appellant was in contempt for failing to pay his full spousal support amount per month. The parties further agreed that appellant would pay an additional 10% ($181.00) of his spousal support obligation each month until the $16,006.68 in arrearages was satisfied in full. Appellant was sentenced to ten days in jail but was afforded the opportunity to purge his contempt and to suspend the jail time by paying no less than $1,818.00 per month on his current spousal support obligation.
 {¶ 8} Thereafter, on October 31, 2005, appellee filed a motion asking the trial court to impose the above suspended jail time because appellant had failed to purge his contempt and had only paid $700.00 a month in spousal support for the months of July, August, September and October of 2005. Appellee, in her motion, also indicated that *Page 5 
appellant had only paid $700.00 a month for the months from August of 2004 through May of 2005.
 {¶ 9} Pursuant to a Decision and Order filed on March 30, 2006, the trial court overruled appellant's Motion to Modify Spousal Support and sustained appellee's October 31, 2005, Motion to Impose. The trial court, in its March 30, 2006, Decision and Order, stated, in relevant part, as follows:
 {¶ 10} "Husband's request for modification appears to be based upon a letter received from the VA reducing his monthly benefit to $665 per month, unless appealed. There is no evidence whether or not the appeal was or will be taken. Regardless, the event has not occurred and is, therefore, too speculative to base a reduction of his financial obligation upon. Further, Husband previously was able to work and earned in excess of $40,000 per year in addition to his pension. He has since earned a degree. He is looking for work and the Court finds that he is able to work. There is no evidence before the Court that Husband will not be able to make up the reduction, and annual amount of approximately $13,000 per year, not much more than a minimum wage job."
 {¶ 11} On July 6, 2006, appellee filed another motion for contempt against appellant, alleging that he was "unilaterally paying spousal support of $700.00 per month" and that appellant's "arrearages in his spousal support obligation from April 2004, to the current time is an amount in excess of $30,000.00." In response, appellant, on August 28, 2006, filed a motion to modify spousal support, alleging that his income had decreased since the last court order regarding spousal support.
 {¶ 12} A hearing on the two motions was held on September 5, 2006. At the hearing, appellant, who was 57 years old at the time, testified that of $1,818.00 a month *Page 6 
in spousal support that he was ordered to pay to appellee, $635.00 was for appellee's portion of his military pension. Appellant also testified that, since approximately August of 2004, he had been paying $700.00 a month in spousal support. While appellant admitted that he had been ordered to pay $1818.00 a month in spousal support, he testified that he was unable to comply with such order. Appellant testified that, between March of 2006 and the date of the hearing, his Veteran's Administration (VA) disability was reduced by $97.00 a month from $2,712.00 to $2,615.00. Appellant's disability income is tax-free.
 {¶ 13} At the hearing, appellant also testified that he was married and that his stepson, who had graduated from high school, was living with him, although appellant's stepson did not pay any rent. Appellant also testified that his wife, who he married in 2002, was employed and that her gross pay for the first eight months of 2006 was $23,913.65.
 {¶ 14} At the hearing, appellee testified that she had been living with her sister and brother-in-law for almost three months and that, prior to such time, she had been living in an apartment. Appellee testified that because appellant only paid $700.00 a month in spousal support, she sometimes had to ask her sister for help to pay the bills. Appellee also testified that she was forced to leave the marital residence after she was unable to pay the mortgage.
 {¶ 15} On cross-examination, appellee testified that she agreed to pay her sister $250.00 a month in rent and that she sometimes helped her sister out with the food bill. Appellee further testified that she was paying her sister back money that she had borrowed from her and that she sometimes gave her sister $20.00 towards the $40.00 *Page 7 
per month cable bill. Appellee also testified that she did not drive and was not a U.S. citizen.
 {¶ 16} Testimony was adduced at the hearing that appellant receives disability for prostate cancer, diabetes and for a problem with his neck fusion. Evidence also was presented at the hearing that, between May and August of 2006, appellant had been attempting to seek employment on a regular basis and had contacted approximately forty-eight (48) employers. Appellant testified that he was a captain in the Ohio Military Reserve and drilled on a monthly basis in addition to attending a week long annual training. Appellant did not receive any sort of compensation for his time in the Ohio Military Reserve, which was a volunteer position. When questioned about his monthly expenses, appellant testified that, including the $700.00 a month that he had been paying appellee, his monthly expenses totaled $2,706.89. He further testified that he did not have the financial ability to pay $1,818.00 a month in spousal support and that he was asking the court to modify such amount to $700.00 a month.
 {¶ 17} On cross-examination, appellant testified that he had a bachelor's degree in electronics and that there were not many jobs in electronics within a 50 mile radius. Appellant testified that he and his wife had a combined income of $5,590.00 a month and that, since his last motion to modify spousal support, he had purchased a 2004 Chevy Impala. On redirect, appellant testified that he gave his 1996 Corsica to his stepson because it was requiring a lot of repairs and was falling apart. When asked on recross whether the Corsica was mechanically safe, appellant answered in the affirmative. *Page 8 
 {¶ 18} At the hearing, appellant's wife testified that she no longer received child support for her son, who was living with them. She further testified that she kept her finances separate from appellant's due to appellant's credit problems.
 {¶ 19} Pursuant to a Decision and Judgment Entry filed on September 13, 2006, the trial court overruled appellant's motion to modify spousal support, finding that there had not been a change of circumstances sufficient enough to warrant a reduction in spousal support. The trial court, in its entry, stated, in relevant part, as follows:
 {¶ 20} "Husband has failed to provide an acceptable defense for failing to cure the ten (10) day jail sentence previously imposed. He had and continues to have a monthly non-taxable income of $2,615 per month. His current wife earns nearly $34,000, albeit taxable. It is clear that the Husband purchased himself a newer car rather than keep driving an older model good enough for his step-son, thereby putting his needs and his emancipated step-son's needs over his Court Ordered obligation to pay his ex-wife. He is looking for work and the Court finds that he is able to work. There is no evidence before the Court that Husband will not be able to make up the reduction, an annual amount of approximately $13,000 per year, not much more than a minimum wage job.
 {¶ 21} "Husband also suggests that the Wife's moving in with her sister, with less rent than the apartment, justifies relief from the spousal support order. The move appears to the Court to be forced as a result of the Husband's failure to meet agreed upon obligations. The fact that the Ex-wife lost her right to live in the apartment as a result of the Husband's failure to pay his obligations does not justify Husband's request for a reduction in his monthly obligation. *Page 9 
 {¶ 22} "The court having considered the statutory factors finds that there has not been a change of circumstance sufficient to warrant the Court in reducing Defendant's spousal support obligation."
 {¶ 23} The trial court, in its entry, sustained appellee's motion for contempt and found appellant in contempt for failing to pay $1,818.00 a month in spousal support plus an additional $181.00 on the arrears. The trial court sentenced appellant to thirty (30) days in jail, but suspended the jail time upon the following conditions:
 {¶ 24} "1. Defendant shall satisfy indebtedness to Attorney Fesmier [appellee's attorney], which are attorney fees arising out of his contempt of Court within thirty (30) days of the date of this Judgment Entry.
 {¶ 25} "2. Defendant shall remain current on his current support obligation for a period of one year.
 {¶ 26} "3. Defendant shall enroll and comply with the Seek Work Program in Richland County, Ohio for a period of one year from the date of enrollment."
 {¶ 27} The trial court also ordered appellant to pay $350.00 to Attorney Fesmier, appellee's attorney, within thirty (30) days.
 {¶ 28} Appellant now raises the following assignments of error on appeal:
 {¶ 29} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN THIS MATTER BY FAILING TO EVALUATE PROPERLY THE FINANCIAL EVIDENCE REGARDING THE PARTIES' INCOME AND EXPENSE, THUS RENDERING A DECISION ON THE APPELLATE'S [SIC] MOTION TO MODIFY SPOUSAL SUPPORT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. *Page 10 
 {¶ 30} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN THIS MATTER BY FAILING TO EVALUATE PROPERLY THE EVIDENCE REGARDING THE APPELLANT'S LACK OF EMPLOYMENT, AND FAILING TO RENDER A DECISION ON THE MANIFEST WEIGHT OF THE EVIDENCE THAT APPELLANT'S UNEMPLOYMENT IS INVOLUNTARY.
 {¶ 31} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN THIS MATTER BY FAILING TO EVALUATE PROPERLY THE FINANCIAL EVIDENCE REGARDING THE PARTIES' INCOME AND EXPENSES, THUS RENDERING A DECISION ON THE APPELLEE'S MOTION TO SHOW CAUSE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 32} "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY CONDITIONING THE APPELLANT'S OPPORTUNITY TO PURGE THE CONTEMPT FINDING UPON FUTURE CONDUCT."
 I {¶ 33} Appellant, in his first assignment of error, argues that the trial court erred in overruling his motion to modify spousal support. Appellant specifically argues that the trial court erred in finding that there was no change in circumstances and that the trial court erred because the amount of spousal support was not appropriate and reasonable. We disagree.
 {¶ 34} Modifications of spousal support are reviewable under an abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142,541 N.E.2d 1028. In order to find an abuse of discretion, we must determine that the trial court's decision *Page 11 
was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 35} R.C. 3105.18(E) governs the trial court's consideration in modifying an existing spousal support order. The statute states, in relevant part, as follows:
 {¶ 36} "(E) If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 {¶ 37} "(1) In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.
 {¶ 38} "(2) In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."
 {¶ 39} R.C. 3105.18(F) defines a change in circumstances as including any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses. This Court has held that while R.C. 3105.18 requires more than a *Page 12 
nominal change in circumstances, it does not require a party requesting a modification to demonstrate a substantial change. Tsai v. Tien,162 Ohio App.3d 89, 2005-Ohio-3520, 832 N.E.2d 809. Once the trier of fact has determined that a change in circumstances has occurred, the court then must analyze "whether the existing spousal support order should be modified." Leighner v. Leighner (1986), 33 Ohio App.3d, 214,215,515 N.E.2d 625.
 {¶ 40} The burden of establishing the need for modification of spousal support rests with the party seeking modification. Tremaine v.Tremaine (1996), 111 Ohio App.3d 703, 676 N.E.2d 1249.
 {¶ 41} Appellant contends that the trial court erred in failing to find a change in circumstances because his income decreased by $97.00 a month from $2,712.00 to $2,615.00. As is stated above, appellant's VA disability is tax free. However, upon our review of the record, we find that the trial court did not abuse its discretion in finding that there had not been a change of circumstances sufficient enough to warrant a reduction in spousal support. The trial court's decision was not arbitrary, unconscionable or unreasonable. While appellant's income was reduced by $97.00 a month, such reduction amounted to a 3.57% decrease in appellant's monthly income. Moreover, there was evidence before the trial court that appellant's wife earns approximately $34,000.00 a year, that appellant has a B.S. degree in electronics and that appellant was physically able to work and to earn at least minimum wage. As is stated above, testimony was adduced at the hearing that appellant has been looking for work and that he drills regularly with the Ohio Military Reserve, although he receives no compensation *Page 13 
for his service. We concur with the trial court that "there is no evidence . . . that Husband will not be able to make up the [$97.00 a month] reduction . . ."
 {¶ 42} Based on the foregoing, we find that the trial court did not abuse its discretion in declining to find a change in circumstances sufficient enough to warrant a modification in spousal support. The trial court, therefore, did not need to consider whether the existing spousal support order was appropriate and reasonable.
 {¶ 43} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 44} Appellant, in his second assignment of error, argues that the trial court abused its discretion and/or erred by failing to find that appellant's unemployment was involuntary.
 {¶ 45} Appellant drills regularly with the Ohio Military Reserve and has a B.S. degree in electronics. Therefore, he appears to be physically and intellectually capable of work. We do not find that the trial court erred when it found that appellant would be able to make up a $97 per month reduction in his income through minimum wage employment. Appellant claims he is seeking work in the electronics field. But, whether or not he is involuntarily unemployed in the electronics field is not the question.
 {¶ 46} Appellant's second assignment of error is overruled.
 III {¶ 47} Appellant, in his third assignment of error, contends that the trial court erred in finding him in contempt of court for non-payment of spousal support when he was not voluntarily unemployed and had an inability to pay the ordered amount. We disagree. *Page 14 
 {¶ 48} Failure to pay court-ordered spousal support is classified as a civil contempt. See Pugh v. Pugh (1984), 15 Ohio St.3d 136, 139-40,472 N.E.2d 1085. Because the nature of the contempt is civil, "willful disobedience" (i.e. intent) is not a necessary element. Pugh,15 Ohio St.3d at 140. However, inability to pay support is a valid defense in a contempt proceeding. Courtney v. Courtney (1984), 16 Ohio App.3d 329,334, 475 N.E.2d 1284. The party who failed to comply with the court order to pay support bears the burden of proving an inability to pay.Pugh, 15 Ohio St.3d at 140, State ex rel. Cook v. Cook (1902),66 Ohio St. 566, 64 N.E. 567, paragraph one of the syllabus.
 {¶ 49} We will not reverse a contempt sanction absent an abuse of discretion by the trial court. State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 11, 417 N.E.2d 1249. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 50} We find that the trial court did not abuse its discretion when it found appellant in contempt. Appellant does not dispute that he failed to follow the dictates of the prior Order.[3] As is stated above, pursuant to an Agreed Judgment Entry filed on April 14, 2004, appellant agreed to pay $1,818.00 a month in spousal support to appellee. At the time the parties entered into the agreement, appellant was receiving a military pension. Testimony was adduced at the hearing that appellant applied for and received 100% disability from the VA and that, in order to receive the same, appellant had to waive his military pension. *Page 15 
 {¶ 51} At the hearing, appellant testified that he was currently receiving $2,615.00 per month in non-taxable disability payments. Appellant also testified that he has a B.S. in electronics and that he had been actively seeking employment. Testimony also was adduced that appellant is married and that his current wife earns approximately $34,000.00 a year and that appellant's stepson lives with the two, but pays no rent. Finally, testimony also was adduced that appellant gave his car, which he agreed was mechanically safe, to his stepson and, in its place, purchased a newer car. The court, in its September 13, 2006, Decision and Judgment Entry, found that appellant was paying $353.00 a month for the same.
 {¶ 52} Based on the foregoing, we find that the trial court did not abuse its discretion in finding appellant in contempt of court for non-payment of spousal support. Appellant did not meet his burden of proving an inability to pay the $1,818.00 a month previously ordered.
 {¶ 53} Appellant's third assignment of error is, therefore, overruled.
 IV {¶ 54} Appellant, in his fourth and final assignment of error, maintains that the trial court erred by conditioning appellant's opportunity to purge his contempt upon future conduct. Appellant notes that the trial court, in its September 13, 2006 Decision and Judgment Entry, ordered that appellant could purge his contempt by remaining current on his spousal support obligation for a period of one year.
 {¶ 55} In the case of a civil contempt, where the primary purpose of the punishment is remedial or coercive, the sanction must provide the contemnor with the opportunity to purge himself of his contempt.Tucker v. Tucker (1983), *Page 16 10 Ohio App.3d 251, 252, 461 N.E.2d 1337, 1339. A contempt order which regulates future conduct "simply amounts to the court's reaffirmation of its previous support order and can have no effect since any effort to punish a future violation of the support order would require new notice, hearing and determination." Id., citing Matter of Grohoske (June 16, 1983), Franklin App. No. 82AP-948, unreported, 1983 WL 3573. A purge order may provide for suspension of a jail sentence on condition that the contemnor pays an arrearage; however, it may not regulate future conduct by conditioning suspension of a jail sentence on making payments on current support obligations. See Marden v. (1996), 108 Ohio App.3d 568, 571,671 N.E.2d 331; Tucker, supra at 252. See also Brett v. Brett, Knox App. No. 01CA000018, 2002-Ohio-1841.
 {¶ 56} Because the trial court improperly conditioned the suspension of appellant's jail sentence on appellant's making payments on current spousal support obligations, appellant's fourth assignment of error is sustained.[4]
 {¶ 57} Accordingly, the judgment of the Richland County Court of Common Pleas, Domestic Relations Division is affirmed in part and reversed in part.
By: Edwards, J. Gwin, P.J. and Delaney, J. concur *Page 17 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas, Domestic Relations Division is affirmed in part, and reversed in part. Costs assessed to appellant.
[1] We note that the copy of the Separation Agreement attached to appellee's brief contains different language in paragraphs 7 and 10 than is contained in the Separation Agreement attached to the Decree of Dissolution in the Court file. Notably, the copy attached to appellee's brief provides in paragraph 10 that appellant shall pay appellee $10.00 a year as and for spousal support and states the court "shall maintain continuing jurisdiction over the amount and duration of spousal support." Counsel should check into this and take whatever action is necessary to make sure that correct documents have been or are filed. We have assumed, for purposes of this appeal, that the document attached to appellee's brief is the correct document.
[2] The parties also agreed that "said spousal support shall have no income tax consequences." This Court questions the legality of this provision and recommends the parties look into this and resolve this in order to avoid litigation in the case sub judice or being defendants in Federal Court.
[3] We note that appellant testified that, since August of 2004, he had never paid more than $700.00 a month to appellee.
[4] We note that appellee concurs with appellant's fourth assignment of error. *Page 1