OPINION *Page 2 
{¶ 1} Plaintiff-appellant Betty Gemmell appeals a judgment of the Licking County Court of Common Pleas, Domestic Relations Division which terminated the spousal support payments she had been receiving from her ex-husband, appellee Walter Gemmell. Appellant assigns a single error to the trial court:
 {¶ 2} "THE COURT ERRED BY MODIFYING THE SPOUSAL SUPPORT PREVIOUSLY AWARDED, SINCE THERE WAS NO CHANGE OF CIRCUMSTANCES TO WARRANT THE CHANGE."
 {¶ 3} Appellant Betty Gemmell and appellee Walter Gemmell were married in January of 1982, and produced no children. Appellee was the majority shareholder in the W.A. Wallace Company, and sold his shares to the Dawson Companies in 1999. As part of the sale, appellee was to receive payments of $6,570.30 a month.
 {¶ 4} On January 10, 2003, appellant filed a complaint for divorce. Pursuant to an Agreed Judgment Decree of Divorce filed on February 24, 2004, appellee was ordered to pay appellant spousal support in the amount of $600.00 a month commencing February 1, 2004. The Agreed Entry stated in relevant part:
 {¶ 5} "The award of spousal support is based upon consideration of all spousal support factors set forth in R.C. 3105.18, including the long-term capital gain income that the defendant receives from the sale of his stock in the W.A. Wallace Company.
 {¶ 6} "The Court reserves subject matter jurisdiction to modify the spousal support award upon receipt of the last payment due and owing from Dawson Companies. In any event, spousal support shall terminate upon the death of either *Page 3 
party, plaintiff's remarriage or cohabitation with an unrelated male, or unless otherwise sooner terminated by the Court."
 {¶ 7} The trial court awarded appellant one-half of the remaining monthly installments due and owing appellee from the sale of stock to the Dawson Companies. The final payment from the Dawson Companies was received on or about December 10, 2005. On December 15, 2005, appellee filed a motion to terminate and/or modify the spousal support, alleging both cohabitation and a change in his financial circumstances.
 {¶ 8} A Magistrate heard the matter on March 13, 2006. Appellee testified he was paying another former spouse, Dorothy, spousal support, plus her automobile, homeowner's and health insurances, for upkeep and maintenance on her dwelling, and any of her medical expenses not covered by insurance, until she remarries or dies.
 {¶ 9} At the hearing, appellee testified he receives Social Security, Air Force retirement, a monthly payout from his 401 (k) and, starting in March of 2006, a monthly payment from an annuity awarded to him as part of the divorce. Appellee had previously bought out appellant's interest in his Air Force retirement.
 {¶ 10} Appellant was receiving Social Security benefits, and had held a minimum wage job after the divorce. Appellant has back problems and was not employed at the time of the hearing.
 {¶ 11} The Magistrate found no reason justifying termination of spousal support, because appellee had not proven cohabitation. The Magistrate found the parties had anticipated some type of modification of spousal support in the terms of the Agreed Entry terminating their marriage. The Magistrate recommended appellant's spousal support be reduced from $600.00 a month to $250.00 a month, because both parties' *Page 4 
financial positions changed when the buy-out payments stopped. The Magistrate found appellee's income has been cut in half, while the appellant's income was cut even more drastically, but her living expenses are minimal.
 {¶ 12} Both parties filed objections to the Magistrate's Decision. The trial court modified the Magistrate's Decision, ordering appellee's spousal support obligation be terminated effective December 15, 2005, and ordering appellant to repay any overpayments within 60 days. The trial court found much of appellee's income is irrelevant, because the Air Force pension and income from his 401 (K) are the result of a property division between the parties. The court found to make a property division involving these two assets, then divide them again as spousal support is contra to the parties' property division agreement. The court found the only sources of income the Magistrate should have considered were the parties' respective Social Security payments and possibly the appellee's annuity. The court found the parties' Social Security benefits are essentially equal, because of appellee's previous commitment to pay spousal support to Dorothy.
 {¶ 13} Appellant argues the trial court erred in modifying the spousal support awarded since there was no change of circumstances. We disagree.
 {¶ 14} Our review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. Cherry v.Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, we find the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,541 N.E.2d 597. An abuse of discretion implies the trial court's attitude was unreasonable, arbitrary or *Page 5 
unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 15} R.C. 3105.18(E) provides that a court may not modify an award of spousal support in a divorce decree, unless the circumstances of either party have changed and the decree of divorce specifically contains a provision reserving the court's jurisdiction to modify the award of spousal support. Bowen v. Bowen (1999), 132 Ohio App.3d 616,628, 725 N.E.2d 1165. A change in circumstances is defined as, but is not limited to "any increase or involuntary decease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C.3105.18(F). In order to constitute a basis for modifying spousal support, the change of circumstances must be material, not purposely brought about by the moving party, and not contemplated at the time the parties entered into the prior agreement or order. Roberson v.Roberson (Nov. 29, 1993), Licking App. No. 93-CA-42. See also Tsai v.Tsai, 162 Ohio App.3d 89, 2005-Ohio-3520, 832 N.E.2d 809. In Kimble v.Kimble, 97 Ohio St.3d 424, 2002-Ohio-6667, 780 N.E.2d 273, the Ohio Supreme Court held modification and termination of spousal support were "simply different points or degrees on the same continuum" and a motion to terminate spousal support fell within the definition of a "modification." Id. at paragraph 7.
 {¶ 16} There is no dispute the trial court in this matter reserved jurisdiction to modify spousal support. While appellant argues there has been no change in circumstances, we note the parties clearly agreed to a review of the spousal support order after the payments from the Dawson Companies ended. *Page 6 
 {¶ 17} In Stewart v. Stewart (Nov. 22, 1999), Stark App. No. 1999CA00015 we found a prior agreement to modify support at a later date relieves the trial court from the necessity of finding a change of circumstances. In Stewart, the parties' agreement clearly indicated the potential modification had been part of the bargain. The agreement inStewart stated: "* * * This provision concerning alimony will not be subject to modification by either party or the court until after the wife has reached the age of 65. Upon a request of modification of alimony by either party after the wife has reached the age of 65, both parties will be able to seek a modification from the court either increasing or decreasing the alimony to be paid. * * * in making this agreement, the wife is waiving her right until she reaches age 65 to seek additional alimony and the husband is waiving his right to seek a reduction in alimony until the wife reaches the age of 65."
 {¶ 18} The language in Stewart was broader and included an express waiver, which made the case clearer. Nevertheless, the rationale here is the same. Essentially, the trial court here interpreted the parties' divorce agreement as an agreement which allowed the court to set spousal support de novo upon the termination of the payments from the sale of the W. A. Wallace Company. The parties anticipated a change in one of the financial circumstances of the parties, but neither the parties nor the trial court could anticipate whether there would be any other changes in the parties' financial circumstances.
 {¶ 19} Certainly from the standpoint of finality and judicial economy, the best practice is for the parties to provide for anticipated changes in their original agreement. Nevertheless, the law should allow the parties to agree to submit the matter to the court for further review if they feel they cannot accurately and equitably predict the extent and *Page 7 
impact of a foreseeable event. To hold otherwise would be to tell the parties they cannot return to court precisely because they agreed it was necessary to do so.
 {¶ 20} R.C. 3105.18 sets forth factors to be considered in determining spousal support:
 {¶ 21} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 22} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 23} "(b) The relative earning abilities of the parties;
 {¶ 24} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 25} "(d) The retirement benefits of the parties;
 {¶ 26} "(e) The duration of the marriage;
 {¶ 27} * * *
 {¶ 28} "(g) The standard of living of the parties established during the marriage;
 {¶ 29} "(h) The relative extent of education of the parties;
 {¶ 30} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 31} * * *
 {¶ 32} "(l) The tax consequences, for each party, of an award of spousal support; *Page 8 
 {¶ 33} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 34} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 35} We agree with the trial court there was a change in circumstances sufficient to justify modifying the spousal support order. We also agree the assets awarded to appellee as property division should not be treated as income. We find the trial court's decision was not arbitrary, unconscionable or unreasonable, and was not an abuse of discretion.
 {¶ 36} The assignment of error is overruled.
 {¶ 37} Accordingly, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed.
 By: Gwin, P.J. and Farmer, J. concur; Edwards, J., dissents. *Page 9