OPINION *Page 2 
{¶ 1} Plaintiff-appellant Mary Boney, nka Mary Waters, appeals the judgment of the Stark County Court of Common Pleas, Family Court Division, which overruled her motion to modify or terminate the spousal support payments she had been paying to her ex-husband, appellee Wayne Boney.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The appellant and the appellee were married for almost twenty years before they were divorced by a judgment entry filed May 31, 2005. In that entry, the court ordered appellant to pay appellee spousal support in the amount of $1,000 per month for seventy months "or until [he] dies or remarries, whichever occurs first." The court maintained jurisdiction to modify that amount, but did not include cohabitation as a basis for termination. This Court upheld the amount and duration of the spousal support award. See, Boney v. Boney, Stark App. No. 2005CA00152, 2006-Ohio-2599.
 {¶ 3} On May 25, 2007, appellant filed a motion to terminate or modify spousal support. A trial began in front of a magistrate on November 29, 2007 and concluded on February 26, 2008.
 {¶ 4} Appellant, a pharmacist who earned $90,000 at the time of divorce, claimed that her spousal support obligation should be reduced or eliminated for two reasons. First, she claimed that appellee's income had increased after he began receiving $1,305 in monthly social security benefits in April 2007. Second, appellant asked the court to modify her spousal support because appellee was allegedly cohabiting with his fiancé, Robin Hardesty. *Page 3 
 {¶ 5} The magistrate overruled appellant's motion, finding that she had failed to show a change in circumstances. The magistrate determined that cohabitation was not a factor the court was required to consider in modifying support, and even if it was, that appellant failed to prove appellee cohabited with Ms. Hardesty. Appellant objected to the magistrate decision. After conducting a hearing on the motion on May 14, 2008, the trial court denied appellant's objections by Judgment Entry filed May 15, 2008.
 {¶ 6} It is from the trial court's decision of May 15, 2008 that appellant has filed the instant appeal, raising the following three assignments of error:
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN FINDING NO PROOF WAS OFFERED THAT DEFENDANT-APPELLEE SHARED EXPENSES WITH ROBIN HARDESTY.
 {¶ 8} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN ITS FINDING AND CONCLUSION ROBIN HARDESTY DID NOT COHABITATE WITH THE DEFENDANT.
 {¶ 9} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY CONCLUDING THE DEFENDANT'S AWARD OF SOCIAL SECURITY INCOME WAS NOT A CHANGE IN CIRCUMSTANCES."
 I., II. III. {¶ 10} Appellant in her first assignment of error contends the trial court abused its discretion in finding no proof that appellee was sharing living expenses with his fiancé. Appellant in her second assignment of error maintains the trial court abused its discretion in finding that appellee and his fiancé were not cohabitating. Finally, appellant in her third assignment of error argues that the trial court erred in not finding *Page 4 
appellee's receipt of Social Security income is a change in circumstances. All of the assignments of error relate to the trial court's decision not to modify the spousal support appellant was ordered to pay her ex-husband; accordingly, because these arguments are interrelated, we shall address them together.
 {¶ 11} A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. Kunkle v. Kunkle
(1990), 51 Ohio St. 3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217, 450 N.E.2d 1140.
 {¶ 12} R.C. 3105.18(C)(1)(a) thru (n), provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support.
 {¶ 13} A trial court's decision not to acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C)(1) does not necessarily mean the evidence was not considered. Barron v. Barron, Stark App. No. 2002CA00239, 2003-Ohio-649. In Watkins v. Watkins, Muskingum App. No. CT 2001-0066, 2002-Ohio-4237, this court noted as follows: ". . . Unlike the statute concerning property division, R.C. 3105.18 does not require the lower court to make specific findings of fact regarding spousal support awards. R.C. 3105.18 (C) (1) does set forth fourteen factors the court must consider, however, in determining if spousal support is appropriate and reasonable. If the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary.Cherry v. Cherry (1981), *Page 5 66 Ohio St. 2d 348, 356, 421 N.E. 2d 1293." Id. at ¶ 21; Cronebach v.Cronebach (March 8, 2004), Ashland App. No. 03-COA-030 at ¶ 35.
 {¶ 14} R.C. 3105.18(C) (1) provides as follows:
 {¶ 15} "(C) (1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 16} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of *Page 6 
spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 17} R.C. 3105.18(E) provides that a court may not modify an award of spousal support in a divorce decree, unless the circumstances of either party have changed and the decree of divorce specifically contains a provision reserving the court's jurisdiction to modify the award of spousal support. Bowen v. Bowen (1999), 132 Ohio App.3d 616,628, 725 N.E.2d 1165; Gemmell v. Gemmell, Licking App. No. 2006 CA 00077, 2007-Ohio-5546. A change in circumstances is defined as, but is not limited to "any increase or involuntary decease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). In order to constitute a basis for modifying spousal support, the change of circumstances must be material, not purposely brought about by the moving party, and not contemplated at the time the parties entered into the prior agreement or order. Roberson v.Roberson (Nov. 29, 1993), Licking App. No. 93-CA-42.See also Tsai v.Tsai, 162 Ohio App.3d 89, 2005-Ohio-3520, 832 N.E.2d 809. In Kimble v.Kimble, 97 Ohio St.3d 424, 2002-Ohio-6667, 780 N.E.2d 273, the Ohio Supreme Court held modification and termination of spousal support were "simply different points or degrees on the same continuum" and a motion to terminate spousal support fell within the definition of a "modification." Id. at ¶ 7.
 {¶ 18} There is no dispute the trial court in this matter reserved jurisdiction to modify spousal support. Appellant's first and second assignments of error concern the trial court's finding that appellant failed to prove that appellee and his fiancé were cohabitating and/or sharing living expenses. *Page 7 
 {¶ 19} Whether or not a particular living arrangement rises to the level of lifestyle known as "cohabitation" is a factual question to be initially determined by the trial court. Dickerson v. Dickerson (1993),87 Ohio App. 3d 848, 851, 623 N.E.2d 237, 239. Yarnell v. Yarnell, Delaware App. No. 05 CRF 0064, 2006-Ohio-3929. As noted by the court inMoell v. Moell (1994), 98 Ohio App.3d 748, 649 N.E.2d 880: "Many factors may be considered in deciding whether cohabitation exists in a particular set of facts. We previously addressed the issue of cohabitation in Dickerson v. Dickerson, supra. In that case, we noted that "cohabitation" describes an issue of lifestyle, not a housing arrangement. Dickerson, supra, 87 Ohio App.3d at 850, 623 N.E.2d at 239. Further, when considering the evidence, the trial court should look to three principal factors. These factors are `(1) an actual living together; (2) of a sustained duration; and (3) with shared expenses with respect to financing and day-to-day incidental expenses.' Id. at fn. 2, citing Birthelmer v. Birthelmer (July 15, 1983), Lucas App. No. L83-046,1983 WL 6869." Id. at 752.
 {¶ 20} This court has further stated: "[t]he trial court is not required to reserve jurisdiction to terminate spousal support in event of cohabitation. R.C. 3105.18(E). Jordan v. Jordan (1996), 117 Ohio App. 3d 47." Newman v. Newman, 5th Dist. No. 2003 CA 00105,2004-Ohio-5363 at ¶ 57.
 {¶ 21} Appellant does not cite to any page of the transcript where evidence was adduced to support her claim that appellee and his fiancé were cohabitating.
 {¶ 22} App. R. 16(A)(7) states that appellant shall include in her brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations *Page 8 
to the authorities, statutes, and parts of the record on which appellantrelies. The argument may be preceded by a summary." [Emphasis added].
 {¶ 23} The federal courts have discussed the problems resulting when a party omits important information in its appellate brief noting: "[c]ourts are entitled to assistance from counsel, and an invitation to search without guidance is no more useful than a litigant's request to a district court at the summary judgment stage to paw through the assembled discovery material. `Judges are not like pigs, hunting for truffles buried in the record.'" Albrechtson v. Bd. Of Regents (C.A.7, 2002), 309 F.2d 433, quoting United State v. Dunkel (C.A. 7, 1991), 927, 955, 956. Our own Supreme Court has noted:
 {¶ 24} "The omission of page references to the relevant portions of the record that support the brief's factual assertions is most troubling. Appellate attorneys should not expect the court `to peruse the record without the help of pinpoint citations' to the record.Day v. N. Indiana Pub. Serv. Corp. (C.A.7, 1999), 164 F.3d 382, 384
(imposing a public reprimand and a $500 fine on an attorney for repeated noncompliance with court rules). In the absence of the page references that S.Ct.Prac. R. VI(2)(B)(3) requires, the court is forced to spend much more time hunting through the record to confirm even the most minor factual details to decide the case and prepare an opinion. That burden ought to fall on the parties rather than the court, for the parties is presumably familiar with the record and should be able to readily identify in their briefs where each relevant fact can be verified."State ex rel. Physicians Commt. for Responsible Medicine v. Ohio StateUniv. Bd. of Trustees, 108 Ohio St.3d 288, 2006-Ohio-903, *Page 9 
at ¶ 13; See also, State v. Davis, Licking App. No. 2007-CA-00104,2008-Ohio-2418 at ¶ 91.
 {¶ 25} However, we will consider appellant's assignments of error in spite of her non-compliance with the appellate rules.
 {¶ 26} In the case sub judice, testimony was adduced at the trial before the Magistrate that Ms. Hardesty lived with appellee at his home on Logan Avenue in Canton, Ohio beginning in 2005. However, appellee and Ms. Hardesty were not living together at the time of trial. Shortly before trial, appellee sold the Logan Avenue home and used most of the proceeds to purchase a home in Greer, South Carolina. Although Ms. Hardesty is a joint tenant with right of survivorship in the South Carolina home, Ms. Hardesty does not live with appellee in South Carolina; Ms. Hardesty lives at her own home on Yale Avenue in Canton. Ms. Hardesty pays her own expenses for her home and for a duplex she owns in Canton. In addition, she pays no expenses for the home in South Carolina.
 {¶ 27} At best, appellant proved that Ms. Hardesty paid the cable and internet expenses while living in the Logan Avenue home. Appellee had a separate telephone, so Ms. Hardesty additionally paid for her own digital telephone service. In her brief, appellant also claims that Ms. Hardesty paid the electric utility bill. However, the evidence at trial was clear and uncontested that Ms. Hardesty paid the bill with appellee's money.
 {¶ 28} Based upon our review of the record, appellant failed to prove a change in circumstances because she failed to prove Ms. Hardesty was "actually living" with *Page 10 
appellee or that appellee financially supported her to the extent that it was the "functional equivalent of marriage."
 {¶ 29} Based on the foregoing, we find that the trial court did not abuse its discretion in finding that no proof was offered that appellee and Ms. Hardesty shared expenses or cohabited.
 {¶ 30} Turning to appellant's third assignment of error, i.e., that the trial court erred in finding that appellee's receipt of Social Security income did not amount to a change of circumstances, we likewise find the trial court did not abuse its discretion.
 {¶ 31} Appellant argues that appellee began receiving $1,305 in monthly social security benefits in April 2007. Therefore, appellee's income of $20,364 at the time of divorce had increased due to his receipt of social security benefits. Accordingly, appellant argues that this change of circumstances warranted a modification of spousal support.
 {¶ 32} However, the record establishes that appellee's pension benefits decreased following the receipt of social security benefits, by $4,800. Thus appellee's aggregate income increase was $10,860, for a total income of $31,224. Additionally, the trial court found that appellant's income increased from $90,000 to $107,171.
 {¶ 33} We agree with the trial court there was no change in circumstances sufficient to justify modifying the spousal support order.
 {¶ 34} We find the trial court's decision was not arbitrary, unconscionable or unreasonable, and was not an abuse of discretion.
 {¶ 35} Accordingly, appellant's first, second and third assignments of error are denied. *Page 11 
 {¶ 36} For the foregoing reasons, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.
Gwin, J., Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed. Costs to appellant. *Page 1