OPINION *Page 2 
{¶ 1} Defendant-appellant Todd Edwards Collins appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, which granted a divorce to him and plaintiff-appellee Angela Rebecca Collins. The court awarded spousal and child support, and divided the parties' assets and debts. Appellant assigns four errors to the trial:
 {¶ 2} "I. THE TRIAL COURT ERRED IN THE CALCULATION OF DEFENDANT-APPELLANT'S CHILD SUPPORT OBLIGATION BY NOT PROVIDING THE ADJUSTMENT FOR SPOUSAL SUPPORT RECEIVED BY PLAINTIFF-APPELLEE.
 {¶ 3} "II. THE HEALTH INSURANCE ORDER REGARDING THE PERCENTAGE OF CO-PAY OR DEDUCTIBLE OBLIGATION OF THE PARTIES FOR THE MINOR CHILDREN AND THE ORDER ALLOCATING MARITAL DEBT SHOULD BE ADJUSTED TO REFLECT THE CORRECT PERCENTAGE AFTER CREDITING PLAINTIFF-APPELLEE FOR THE SPOUSAL SUPPORT RECEIVED.
 {¶ 4} "III. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT SET THE AMOUNT AND DURATION OF SPOUSAL SUPPORT.
 {¶ 5} "IV. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY NOT DIVIDING THE PARTIES ASSETS AND DEBTS IN AN EQUITABLE FASHION."
 {¶ 6} The trial court granted the divorce on February 15, 2008. Plaintiff-appellee was named residential parent of the parties' two minor children, and appellant was ordered to pay child support computed on a child support worksheet which the court *Page 3 
attached to the decree of divorce. The court also ordered appellant to pay spousal support to appellee in the amount of $1500 per month for a period of six years, and an additional $161.68 per month for appellee's share of the marital debts.
 {¶ 7} The child support worksheet stated appellant had slightly more than seventy-six percent of the parties' combined annual income, and appellee's slightly less than twenty-four percent.
 {¶ 8} The trial court allocated the marital debts between the parties based on the income percentages on the child support worksheet. The court ordered appellant to furnish health insurance for the children. Appellee was to be responsible for all co-pays less than $100 per year per child, but co-pays and deductibles greater than $100 per year per child would be paid by the parties according to the income percentages on the child support worksheet.
 I. {¶ 9} In his first assignment of error, appellant argues the court erred by not factoring the spousal support into the child support worksheet as income to appellee. Pursuant to R.C. 3119.01, gross income includes any spousal support received. For this reason, appellant argues the court calculated appellee's income nearly $20,000 less than it is.
 {¶ 10} Appellee concedes case law requires in computing the child support obligation, the trial court must deduct spousal support from the income of the obligor and include it as income on the obligee's side of the worksheet. Appellee concedes while the trial court deducted the spousal support from appellant's income, it did not include it in her income. *Page 4 
 {¶ 11} We find the trial court erred in computing the parties' incomes and consequently, in determining the percentages allocated to each on the child support worksheet. The first assignment of error is sustained.
 II IV {¶ 12} The trial court based its computation of the parties' obligations regarding the children's health insurance co-pays, and its division of marital debt by using the incorrect percentages on the child support worksheet. Because these computations are intertwined with the child support calculations, we find on remand, the trial court should re-visit the health insurance order, and the division of marital debt and assets.
 {¶ 13} The second and fourth assignments of error are sustained.
 III {¶ 14} In his third assignment of error, appellant argues the trial court erred in the amount and duration of spousal support.
 {¶ 15} Our standard of reviewing decisions of a domestic relations court is generally the abuse of discretion standard, see Booth v.Booth (1989), 44 Ohio St. 3d 142. The Supreme Court made the abuse of discretion standard specifically applicable to alimony orders inBlakemore v. Blakemore (1983), 5 Ohio St. 3d 217. The court has repeatedly held the term "abuse of discretion" implies the court's attitude is unreasonable, arbitrary or unconscionable,Blakemore, supra, at 219. When applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court, Pons v. Ohio State Med. Board, (1993), 66 Ohio St.3d 619,621.
 {¶ 16} R.C. 3105.18 (C) sets out the factors a trial court should consider in determining whether spousal support is appropriate and reasonable, and in determining *Page 5 
the amount and duration of spousal support. The trial court's entry discusses each factor, and lists the weight to which the court gave it in its considerations. Specifically, the court found the parties' respective incomes carried great weight, as did the fact the parties have been married for seventeen years. The court also gave great weight to the relative assets and liabilities of the parties, the time and expense necessary for appellee to acquire sufficient education to qualify her for appropriate employment, and the tax consequences and the lost income production capacity that resulted from either party's marital responsibilities.
 {¶ 17} The trial court was free to weigh the credibility of the witnesses and to weigh the various factors, and this court cannot substitute our judgment for that of the court. We conclude the court did not abuse its discretion in determining the amount and duration of spousal support.
 {¶ 18} The third assignment of error is overruled. *Page 6 
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Farmer, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to be split between the parties. *Page 1