OPINION *Page 2 
{¶ 1} Defendant Thomas R. Mizer appeals a judgment of the Court of Common Pleas of Coshocton County, Ohio, which overruled his motion to modify the order of spousal support he must pay plaintiff-appellee Christine A. Mizer. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT'S DECISION TO NOT MODIFY AND/OR TERMINATE APPELLANT'S SPOUSAL SUPPORT OBLIGATION ABSENT A SUBSTANTIAL CHANGE IN CIRCUMSTANCES WAS CONTRARY TO LAW.
 {¶ 3} "II. THE TRIAL COURT'S DECISION TO CONTINUE, UNMODIFIED, APPELLANT'S SPOUSAL SUPPORT OBLIGATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THERE WAS SUFFICIENT EVIDENCE WITHIN THE RECORD TO SHOW THE PARTIES' CIRCUMSTANCES HAD CHANGED, APPELLEE NO LONGER HAD A DEMONSTRATED NEED FOR THE SUPPORT AND THE CONTINUED PAYMENT OF SUCH CONSTITUTED A FINANCIAL HARDSHIP FOR APPELLANT.
 {¶ 4} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO MODIFY APPELLANT'S SPOUSAL SUPPORT OBLIGATION WHERE THE CIRCUMSTANCES OF THE PARTIES HAD CHANGED AND APPELLEE'S NEED FOR SAID SUPPORT WAS NO LONGER PRESENT."
 {¶ 5} The record indicates a magistrate's decision and decree of divorce was filed June 7, 2005, granting the parties a divorce, dividing the marital property between them, and ordering appellant to pay periodic spousal support to appellee in the amount of *Page 3 
$945.00 per month for 152 months. The trial court retained jurisdiction over the issue of spousal support.
 {¶ 6} On June 21, 2005, appellant filed a motion to reconsider the magistrate's conclusions of law, and for an extension of time to file objections with the trial court. On July 12, 2005, appellant withdrew the motion and submitted the matter to the court for approval of the magistrate's decision. On July 18, 2005, the court adopted the magistrate's decision.
 {¶ 7} The magistrate's decision included a lengthy discussion of the present value of appellant's retirement plan. The decision established the value of the pension plan and divided it between the parties as part of the property settlement.
 {¶ 8} On October 20, 2005, the court filed a Qualified Domestic Relations Order. The QDRO refers to appellant's future retirement and treats the plan as if appellant was still employed and contributing to the plan.
 {¶ 9} On August 21, 2006, appellant filed his motion to modify spousal support, and on January 24, 2007, filed a supplemental memorandum in support.
 {¶ 10} The magistrate conducted a hearing on the motion on January 17, 2007 and March 27, 2007. At the hearing, appellant testified he retired on July 1, 2005. (Transcript of Jan. 17, 2007, p. 50.) As of July 1, 2005, appellant began receiving his retirement benefits, as did appellee. At the time of the divorce decree, appellee's salary was approximately $10,000, but at the time of the hearing, she had changed jobs and was paid approximately $30,000 per year. *Page 4 
 {¶ 11} On July 6, 2007, the magistrate filed her decision overruling the motion to modify spousal support. The trial court adopted the magistrate's decision on January 29, 2008, overruling appellant's objections.
 {¶ 12} R.C. 3105.18 as it was amended in 1991, and in its current form, provides for purposes of modifying the amount or terms of spousal support, a change of circumstances includes, but is not limited to, any increase or involuntary decrease in the parties' wages, salary, bonuses, living expenses, or medical expenses.
 {¶ 13} In Tsai v. Tien, 162 Ohio App. 3d 889, 2005-Ohio-3520,832 N.E. 2d 809, this court found the statute requires more than a nominal change, but does not require a substantial or drastic change. Instead, the trial court need only determine whether a change occurred in the parties' economic status after the spousal support order was entered, and it is within the discretion of the trial court to determine whether a change has in fact occurred. Tsai at 93, citations deleted.
 {¶ 14} We find the trial court did err in its statement of the applicable law. However, in light of our findings infra, the error was not prejudicial.
 {¶ 15} The first assignment of error is overruled.
 II III {¶ 16} In his second and third assignments of error, appellant argues the trial court's decision overruling his motion to modify the spousal support obligation was against the manifest weight of the evidence and an abuse of discretion.
 {¶ 17} Our standard of reviewing decisions of a domestic relations court is generally the abuse of discretion standard, see Booth v.Booth (1989), 44 Ohio St. 3d 142. The Supreme Court made the abuse of discretion standard applicable to alimony *Page 5 
orders in Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable, Id. at 219. When applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court, Pons v. Ohio StateMedical Board, (1993), 66 Ohio St.3d 619, 621.
 {¶ 18} A reviewing court will not disturb the trial court's decision as against the manifest weight of the evidence if the decision is supported by some competent, credible evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279.
 {¶ 19} "Modification of a spousal support award is appropriate only when there has been a substantial change in the circumstances of either party that was not contemplated at the time the existing award was made." Moore v. Moore (1997), 120 Ohio App.3d 488, 491, 698 N.E.2d 459, citing Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215,515 N.E.2d 625.
 {¶ 20} Determining whether there has been a change in circumstances is only the first part of the analysis. If the court finds there has been a change, it must determine whether, considering the totality of the circumstances, a modification of the support order is warranted. The burden of establishing the need for modification of spousal support rests with the parties requesting modification, Tremain v. Tremain
(1996), 111 Ohio App. 3d 703, 676 N.E. 2d 1249.
 {¶ 21} The factors a court considers in making its original award of spousal support are set out in R.C. 3105.18 (C)(1): *Page 6 
 {¶ 22} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 23} (b) The relative earning abilities of the parties;
 {¶ 24} (c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 25} (d) The retirement benefits of the parties;
 {¶ 26} (e) The duration of the marriage;
 {¶ 27} (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 28} (g) The standard of living of the parties established during the marriage;
 {¶ 29} (h) The relative extent of education of the parties;
 {¶ 30} (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 31} (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 32} (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 33} (l) The tax consequences, for each party, of an award of spousal support; *Page 7 
 {¶ 34} (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 35} (n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 36} A trial court errs in basing its determination of spousal support on only one of the statutory factors. Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 96, 518 N.E.2d 1197. In deciding whether to modify a support order, the court should take into consideration not only whether any of the factors supra have changed, but also the comparative weight to give each factor in light of all the facts and circumstances, because the court has discretion to determine the weight to be given each factor. Collins v. Collins, Licking Co. No. 2008-CA-00028, 2008-Ohio-4993.
 {¶ 37} Because the law no longer requires a change to be substantial, the trial court has a broader spectrum from which it may determine when a modification of spousal support is warranted. However, the issue is still within the broad discretion afforded the trial court.
 {¶ 38} Appellant alleges the record shows appellee no longer needs spousal support. In prior statutes the court was to determine whether spousal support was "necessary" but the legislature changed the wording to "appropriate and reasonable" in the amending the statute in 1991.Bowen v. Bowen (1999), 132 Ohio App.3d 616, 626, 725 N.E.2d 1165. The trial court may find need is a factor to be considered in an appropriate case, but it is not one of the statutory factors a court must consider.
 {¶ 39} Appellant concedes his retirement was voluntary, but insists the other factors weight in favor of modifying the support order. Appellant notes the appellee's *Page 8 
income had tripled, and he states her expenses were inflated. Appellant notes appellee was able to add to her savings. Appellant also argues although his retirement was voluntary it resulted in an increase in appellee's income, as she began to receive her share of his retirement payments.
 {¶ 40} Regarding appellee's receipt of a portion of appellant's retirement benefits, the retirement benefits were awarded to appellee as part of the property division. The only value of the retirement benefits was the future payout available to appellee when appellant retired. We find under these circumstances the retirement benefits should not be treated as part of appellee's income, because they represent a portion of the marital property the court previously awarded to her.
 {¶ 41} Appellant's retirement, resulting in a decrease in appellant's income and payout of benefits to appellee, does not constitute a change in circumstances, because it did not occur after the trial court entered the divorce decree on July 18, 2005. At that point in time, appellant had already retired. During the time the magistrate's decision was pending before the trial court, appellant had ample opportunity to notify the court of his decision to retire so it could reevaluate the property division and spousal support award if it chose to do so. Instead, appellant did nothing while the court adopted the magistrate's decision, and entered a QDRO, with inaccurate and outdated information.
 {¶ 42} We find the only change in the circumstances which occurred after the original order was the increase in appellee's salary from $10,000 to $30,000. The court found appellee was still on probation at her new job and was unsure if she would be able to continue. Appellee's expenses were significantly higher and she was currently sharing expenses at her daughter's apartment part time. The court found appellee had *Page 9 
not inflated her expenses and had sold some of the property she received in the divorce. The court had discretion to determine whether the above facts constituted a change in circumstances warranting a modification of the support order.
 {¶ 43} We find the trial court's decision not to modify its prior order is not an abuse of discretion, nor is it against the manifest weight of the evidence.
 {¶ 44} The second and third assignments of error are overruled.
 {¶ 45} For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.
Gwin, J., Farmer, P.J., and Edwards, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed. Costs to appellant. *Page 1