[Cite as *Accountius v. Accountius*, 2012-Ohio-711.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| VERONICA A. ACCOUNTIUS | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Petitioner-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 11 CA 62 |
| BARRY A. ACCOUNTIUS | |
| Petitioner-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Domestic Relations Division, Case
No.  2010 DR 0683


JUDGMENT:                                    Affirmed


DATE OF JUDGMENT ENTRY:         February 13, 2012


APPEARANCES:

For Petitioner-Appellee                    For Petitioner-Appellant

JACQUELINE L. KEMP                    DEBORAH L. KENNEY
KEMP, SCHAEFFER & ROWE          DEBORAH L. KENNEY LPA
88 West Mound Street                    One South Park Place
Columbus, Ohio  43215                   Newark, Ohio  43055

*Wise, J.*

{¶1}   Appellant Barry A. Accountius appeals from the denial of his request for relief from judgment subsequent to a dissolution of marriage in the Licking County Court of Common Pleas.  Appellee Veronica A. Accountius is appellant's former spouse.  The relevant facts leading to this appeal are as follows.

{¶2}   Appellant and appellee were married in March 1987. Three children, S.A., E.A., and O.A., were born of the marriage, one of whom was emancipated shortly after the commencement of this appeal. On April 30, 2010, appellant and appellee filed a petition for dissolution of marriage. After the requisite appearances and hearing, the trial court granted the dissolution on June 3, 2010.

{¶3}   The decree of dissolution provided that appellee is the residential and custodial parent of S.A. and E.A, while appellant is the residential and custodial parent of O.A.

{¶4}   The decree further provided that appellant would pay appellee spousal support in the amount of $2,462.00 per month, to terminate upon appellee's remarriage or death. The decree did not provide for spousal support to terminate upon appellee's cohabitation with an unrelated male. The decree also expressly stated that the court did not retain jurisdiction to modify spousal support.

{¶5}   In respect to child support, the court ordered appellant to pay child support of $440.69 per month, plus processing charge, employing a split custody worksheet showing appellee as custodian of two children and appellant as custodian of one child. On the worksheet, appellant's income was calculated at $63,000.00; appellee's income was calculated at $42,250.00.

{¶6} Appellee also received the house, her retirement monies, and certain financial accounts as assets.

{¶7} On March 1, 2011, approximately nine months after the dissolution decree, appellant filed a motion for relief from judgment, citing Civ.R. 60(B)(1), (4), and (5). He therein sought relief from spousal support, child support, and property division. Appellant also filed therein a request for a modification of child support, based upon the pending emancipation of the parties' oldest child.

{¶8} Appellee filed a memorandum in opposition to appellant's motion for relief from judgment on March 14, 2011.

{¶9} On May 12, 2011, the trial court overruled the motion for relief from judgment.[1]

{¶10} On June 9, 2011, appellant filed a notice of appeal. He herein raises the following five Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED IN FAILING TO GRANT RELIEF FROM JUDGMENT IN THAT THE CHILD SUPPORT WORKSHEET FILED IN THE PARTIES' DISSOLUTION CONTAINED PLAIN ERROR.

{¶12} "II. THE TRIAL COURT ERRED IN FAILING TO GRANT RELIEF FROM JUDGMENT IN THAT THE SPOUSAL SUPPORT ORDER WAS UNCONSCIONABLE.

{¶13} "III. THE TRIAL COURT ERRED IN FAILING TO GRANT RELIEF FROM JUDGMENT IN THAT THE APPELLEE RECEIVED AN INEQUITABLE PROPERTY SETTLEMENT.

---

[1] The request for post-decree modification of child support was set for further hearing, and was later ruled upon by the trial court. That part of the decision is not an issue in this appeal.

**{¶14}** "IV. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN CONTINUING EXISTING ORDERS FOR PAYMENT OF CHILD SUPPORT, SPOUSAL SUPPORT AND PROPERTY DIVISION.

**{¶15}** "V. THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN EVIDENTIARTY (SIC) HEARING PRIOR TO OVERRULING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."

I.

**{¶16}** In his First Assignment of Error, appellant argues the trial court erred in denying relief from judgment, particularly as to the order of child support in the parties' dissolution decree. We disagree.

*Standard of Review*

**{¶17}** Civ.R. 60(B) reads as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

**{¶18}** "(1) mistake, inadvertence, surprise or excusable neglect;

**{¶19}** "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

**{¶20}** "(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

**{¶21}** "(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

{¶22} "(5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *."

{¶23} In order to prevail on a motion brought pursuant to Civ.R. 60(B), " * * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." *Argo Plastic Products Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 391, 474 N.E.2d 328, citing *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. *Argo* at 391, 474 N.E.2d 328.

{¶24} Civ.R. 60(B) represents an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (citation omitted). A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

## *Analysis*

**{¶25}** In appellant's motion for relief from judgment, he maintained that the child support guideline worksheet did not include a deduction from appellant's income for the annual spousal support ordered paid to appellee in the amount of $29,544.00 per year (based on $2,462.00 per month), and that the worksheet did not include said sum of $29,544.00 as income for appellee. See R.C. 3119.01(C)(7); R.C. 3119.022 worksheet, line 10.[2]

**{¶26}** In the case sub judice, the trial court's judgment entry denying appellant's 60(B) motion noted that appellant had signed the separation agreement at the time of the dissolution and that he had told the court that he read, understood, and agreed to it. The record before us indicates that appellant also knowingly proceeded on the dissolution without his own counsel. Appellant directs us to our decision in *Collins v. Collins*, Licking App.No. 2008-CA-00028, 2008-Ohio-4993, in which we recognized that a trial court must deduct spousal support from the income of the obligor and include it as income on the obligee's side of the worksheet. Id. at ¶10. However, *Collins* was a direct appeal from a divorce, not an appeal from the denial of relief from judgment in a dissolution (as here), and we thus find *Collins* to be procedurally distinguishable.

**{¶27}** Upon review, we hold the trial court did not abuse its discretion or commit reversible error in denying appellant's Civ.R. 60(B) motion regarding child support. Appellant's First Assignment of Error is therefore overruled.

---

[2]  Technically speaking, these portions of the Revised Code reference spousal support actually "received" or "paid," in the past tense. Obviously, at the time of the decree, the payments were still prospective. However, neither party has discussed this issue in the briefs, and we will not herein further consider it.

II.

{¶28} In his Second Assignment of Error, appellant argues the trial court erred in denying relief from judgment, particularly as to the order of spousal support in the parties' dissolution decree. We disagree.

{¶29} We have recognized that in domestic relations proceedings in Ohio, " *** parties are free to negotiate a contract which may favor one side or other. Such a separation agreement is enforceable as long as it was not procured by fraud, duress, overreaching, or undue influence. So long as the terms are not so one sided as to be unconscionable, a court should enforce the parties' agreement." *Russell v. Russell*, Stark App.No. 98-CA-1027, 1999 WL 437003, citing *MacNealy v. MacNealy* (October 31, 1997), Clark App. No. 96CA125, 1997 WL 674622.

{¶30} Appellant presently contends that the spousal support order is unconscionable. See Appellant's Brief at 10. The gist of this claim is that spousal support cannot be modified should appellee cohabitate with another man in the future, and that there is no reservation of jurisdiction to modify spousal support should the parties' financial circumstances change in the future. Id.

{¶31} However, we are herein guided by the well-established rule of law that a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. See *Doe v. Trumbull Cty. Children Services Bd.* (1986), 28 Ohio St.3d 128, 502 N.E.2d 605, paragraph two of the syllabus. While claims of unconscionable terms such as those raised by appellant are not necessarily always confined solely to a direct appeal from a divorce or decree, under the circumstances of the case sub judice, we hold the trial

court did not abuse its discretion or commit reversible error in denying appellant's Civ.R. 60(B) motion regarding spousal support.

**{¶32}** Appellant's Second Assignment of Error is therefore overruled.

III.

**{¶33}** In his Third Assignment of Error, appellant argues the trial court erred in denying relief from judgment regarding the issue of the property division in the parties' dissolution decree. We disagree.

**{¶34}** Appellant contends that the parties' property division was inequitable based upon appellant's agreement to give appellee approximately $40,000.00 from his retirement account. Appellant essentially maintains that the retirement distribution was not equitably offset by other property division provisions, noting appellee received the marital residence, her retirement monies, and a certificate of deposit. Appellant further alleges that there was a lack of mutuality and understanding as to property division in the decree.

**{¶35}** We again note that appellant is seeking to vacate terms of a dissolution and corresponding property resolution to which he voluntarily agreed. This Court has emphasized that "[n]either a change of heart nor poor legal advice is a ground to set aside a settlement agreement." *Pastor v. Pastor*, Fairfield App.No. 04 CA 67, 2005-Ohio-6946, ¶ 18, citing *Walther v. Walther* (1995), 102 Ohio App.3d 378, 383, 657 N.E.2d 332. In the case sub judice, we find it would have been within the trial court's discretion to determine that appellant had agreed to the challenged property division terms as part of his negotiation process in terminating the parties' marriage.

{¶36} We hold the trial court did not abuse its discretion or commit reversible error in denying appellant's Civ.R. 60(B) motion regarding property division.

{¶37} Appellant's Third Assignment of Error is therefore overruled.

IV.

{¶38} In his Fourth Assignment of Error, appellant contends the trial court abused its discretion by "continuing existing orders" from the dissolution decree. We disagree.

{¶39} Appellant's argument at this juncture essentially revisits the issues previously raised in his brief, mostly on the basis that the trial court should have more thoroughly reviewed the pleadings and orders in the dissolution case for any inequities therein. See Appellant's Brief at 16. However, a presumption of regularity attaches to all trial court proceedings (see, e.g., *Chari v. Vore* (2001), 91 Ohio St.3d 323, 325, 744 N.E.2d 763) and we find appellant fails to overcome such presumption in the case sub judice.

{¶40} Accordingly, appellant's Fourth Assignment of Error is overruled.

V.

{¶41} In his Fifth Assignment of Error, appellant contends the trial court abused its discretion by failing to conduct a hearing on his motion for relief from judgment. We disagree.

{¶42} Generally, "[i]t is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without first holding an evidentiary hearing *only if* the motion or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." *In re Estate of Kirkland,* Clark App.No. 2008–CA–57,

2009–Ohio–3765, ¶ 17, quoting *Boster v. C & M Serv., Inc.* (1994), 93 Ohio App.3d 523, 526, 639 N.E.2d 136 (emphasis in original).

**{¶43}** In light of our previous analysis herein, we find no merit in appellant's claim that the lack of an evidentiary hearing on his 60(B) motion constituted reversible error under the facts and circumstances of this case.

**{¶44}** Appellant's Fifth Assignment of Error is therefore overruled.

**{¶45}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


VERONICA A. ACCOUNTIUS      :
                                :

    Petitioner-Appellee         :

                                :

-vs-                          :          JUDGMENT ENTRY

                                :

BARRY A. ACCOUNTIUS        :

                                :

    Petitioner-Appellant      :          Case No. 11 CA 62


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.

Costs assessed to appellant.


                                    _____


                                    _____


                                    _____

                                            JUDGES