[Cite as *Kazakis v. Kazakis*, 2013-Ohio-4181.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| ROSE KAZAKIS | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee/Cross-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| PETER KAZAKIS | : | Case No. 2012CA00227 |
| | : | |
| Defendant-Appellant/Cross-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Court of Common
Pleas, Domestic Relations Division,
Case No. 2011-DR-01572


JUDGMENT:  Affirmed


DATE OF JUDGMENT:  September 23, 2013


APPEARANCES:

For Plaintiff-Appellee

ROSEMARY G. RUBIN
1435 Market Avenue North
Canton, OH  44714

For Defendant-Appellant

STANLEY R. RUBIN
437 Market Avenue North
Canton, OH  44702

*Farmer, P.J.*

{¶1}   Appellant, Peter Kazakis, and appellee, Rose Kazakis, were married on April 23, 1977.   On December 19, 2011, appellee filed a complaint for divorce.   A hearing before a magistrate was held on September 6, 2012.   By decision filed October 15, 2012, the magistrate recommended the granting of a divorce, a division of property, and a spousal support award to appellee.   Both parties filed objections.   By judgment entry filed November 29, 2012, the trial court denied the objections and approved and adopted the magistrate's decision.

{¶2}   Appellant filed an appeal and assigned the following errors:

I

{¶3}   "THE TRIAL COURT ERRED IN COUNTING THE APPELLANT'S PENSION TWICE; FIRST AS A MARITAL ASSET SUBJECT TO EQUAL DIVISION AND THEN AGAIN AS INCOME IN MAKING AN AWARD OF SPOUSAL SUPPORT."

II

{¶4}   "THE TRIAL COURT'S METHOD FOR DIVIDING THE APPELLANT'S POLICE AND FIRE PENSION RESULTED IN AN INEQUITABLE DIVISION OF MARITAL ASSETS."

III

{¶5}   "THE TRIAL COURT'S SPOUSAL SUPPORT AWARD WAS NOT APPROPRIATE AND REASONABLE."

IV

{¶6}   "THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE DISTRIBUTIVE AWARD WHEN MAKING ITS AWARD OF SPOUSAL SUPPORT."

{¶7}    Appellee filed a cross-appeal and assigned the following error:

CROSS-ASSIGNMENT OF ERROR I

{¶8}    "THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE VETERANS' DISABILITY PENSION OF THE APPELLANT IN DETERMINING THE AMOUNT OF SPOUSAL SUPPORT."

{¶9}    This matter is now before this court for consideration.

I

{¶10} Appellant claims the trial court erred in counting his pension twice, as a marital asset subject to equal division and as income in the determination of spousal support.  We disagree.

{¶11} The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case.  *Cherry v. Cherry,* 66 Ohio St.2d 348 (1981).  We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. *Holcomb. v. Holcomb,* 44 Ohio St.3d 128 (1989).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶12} Appellant served twenty years in the military and thirty years as a Canton police officer.  He receives pensions from the military and the Ohio Police and Fire Pension Fund.  He also receives a disability payment from the Veterans Administration. In her decision filed October 15, 2012 (approved and adopted by the trial court), the magistrate specifically addressed how she arrived at the distributive award to appellee

of appellant's Ohio Police and Fire Pension Fund which had a marital value of $654,466.12:

> The parties have been married 35 years. The assets of the parties create difficulty in making an equal division of the property. When viewing a totality of their assets the value is $1,591,157.44. Of this amount $310,017.56 is separate property of the Defendant, which results in $1,281,049.88 as marital assets. Of this amount over half is the Ohio Police and Fire Pension whose value if (sic) $654,466.12. For reasons known only to the parties, the Plaintiff waived her right to survivorship making a division of the pension without real substance. In addition she would have to wait 3½ years to draw down the IRA. Another large asset is the marital home valued at $145,000. Plaintiff has no interest in the house or most of the personal property (other than the 2002 Dodge Caravan and those items set forth on Division of a Personal Property Agreement that is attached to this Decision). Defendant wishes to retain the home and all personal property except that which is specified in the agreement and the 2002 Dodge Caravan. To sell these assets in these economic times would not make good sense. In addition $116,744.83 is the value of Plaintiff's social security. Again at the age of 56 she has to wait before she is able to access her monthly payment. Therefore the reality is that $310,349.93 is the value of meaningful assets as of this date.
>
> ***

The Court finds that a distributive award of $204,992.00 is important to achieve equity because of the nature of the assets. Defendant may make a lump sum payment within 60 days or shall make monthly payments of $1,708.00 for ten years commencing January 1, 2013.

{¶13} We note, as the parties concede, the police pension is in payout to appellant alone in the amount of $2,829.00 per month, plus appellant received a lump sum for participating in DROP in the amount of $242,245.63. T. at 94-95. Part of that amount was awarded to appellee and is noted as Allianz IRA #6525 in the amount of $195,943.49.

{¶14} Although appellant concedes the police pension was a marital asset subject to division, he argues it was incorrect to attribute the monthly amount from the pension as income to him in calculating funds available for spousal support. In determining the spousal support issue, the magistrate noted in her decision, "Defendant's monthly income is $3,556.00 (excluding $2769.00 from Veterans Disability). Plaintiff's income is $406.99 a month. Defendant's expenses are 1,540.00 a month. Plaintiff still resides in the marital home under a Schedule D order but estimates her monthly expenses to be $4,363.54." Appellant was ordered to pay appellee $1,981.00 per month in spousal support.

{¶15} In support of his argument, appellant points to this court's opinion in *Mizer v. Mizer,* 5th Dist. Coshocton No. 08CA0004, 2009-Ohio-1390, ¶ 40, wherein this court determined the following:

Regarding appellee's receipt of a portion of appellant's retirement benefits, the retirement benefits were awarded to appellee as part of the property division. The only value of the retirement benefits was the future payout available to appellee when appellant retired. We find under these circumstances the retirement benefits should not be treated as part of appellee's income, because they represent a portion of the marital property the court previously awarded to her.

{¶16} The decision in *Mizer* was generated by a motion for modification of spousal support. The *Mizer* appellee received an award of the marital share of the appellant's pension which was not in payout according to the evidence before the trial court. The *Mizer* appellant wanted appellee's marital share that was to payout, to be counted in the determination of spousal support. Therefore, the reasoning in *Mizer* is oppositional to the facts sub judice.

{¶17} The gravamen of this matter is whether appellant's police pension income should be considered as income for purposes of spousal support. R.C. 3105.18 governs spousal support. Subsection (C) states the following in pertinent part:

(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(d) The retirement benefits of the parties.

{¶18} We find appellant's police pension income should be considered as income for purposes of spousal support.  The police pension was in payout and appellee had waived all of her survivor rights under the plan.  Appellant was credited for the entire pension in calculating his assets and a distributive award was ordered to appellee.  That completed the equitable and reasonable division of marital assets.

{¶19} The determination of spousal support is separate and apart from any distributive award.  The inclusion of appellant's police pension as income was properly considered under the plain reading of R.C. 3105.18(C)(1).  From the determination of all funds available  to appellant, and factoring in the long term marriage of the parties, as well as the disparity in the financial acumen of the parties as noted in the magistrate's decision, we find the inclusion was not unlawful or an abuse of discretion.

{¶20}  Assignment of Error I is denied.

II

{¶21}  Appellant claims the trial court erred in dividing his police pension as a total lump sum when the pension was in payout as opposed to dividing the pension in half from the onset.  We disagree.

{¶22}  Pursuant to R.C. 3105.171(E), it is within a trial court's discretion to formulate a distributive award to accommodate equity.  In considering a division of

marital property, the magistrate specifically cited to R.C. 3105.171(F) which states the following:

(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:

(1) The duration of the marriage;

(2) The assets and liabilities of the spouses;

(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;

(4) The liquidity of the property to be distributed;

(5) The economic desirability of retaining intact an asset or an interest in an asset;

(6) The tax consequences of the property division upon the respective awards to be made to each spouse;

(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;

(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;

(9) Any retirement benefits of the spouses, excluding the social security benefits of a spouse except as may be relevant for purposes of dividing a public pension;

(10) Any other factor that the court expressly finds to be relevant and equitable.

{¶23} The magistrate awarded a distributive award of $204,992.00 to appellee, to be paid as a lump sum or monthly payments for ten years, finding the assets of the parties "create difficulty in making an equal division of the property" as cited in Assignment of Error I. By noting the lack of liquidity of the assets, we find the trial court fashioned an equitable and fair distribution by formulating a payout over ten years. We cannot say there was any better way, as appellant suggests there was an alternative way. Given the facts, we find the trial court did not abuse its discretion.

{¶24} Assignment of Error II is denied.

### III, IV

{¶25} Appellant claims the trial court's award of $1,981.00 per month to appellee for spousal support was not appropriate and reasonable as his monthly income after paying spousal support is less than appellee's. We disagree.

{¶26} Appellant arrives at this conclusion by factoring in the ten year monthly payment of $1,708.00 for the distributive award to equalize the division assets. We find this argument lacks merit. The trial court specifically noted the distributive award was fashioned as it was to accommodate the non-liquidity of the marital assets. Further, appellant's disability income was not included in the calculations. Given appellee's lack of financial sophistication and the questionable issue surrounding appellee's relinquishment of her survivorship rights to appellant's police pension, we find the trial court did not abuse its discretion.

{¶27}  Appellant also argues the trial court overlooked some of appellee's income by failing to include the ten year monthly distributive award.  As we noted above, that amount is separate and apart from spousal support and was an option for appellant to facilitate the division of marital property.

{¶28}  Upon review, we do not find an abuse of discretion as to the calculation of the spousal support award.

{¶29}  Assignments of Error III and IV are denied.

CROSS ASSIGNMENT OF ERROR I

{¶30}  Appellee claims the trial court erred in excluding appellant's disability payments ($2,769.00) in determining the relative income of the parties for spousal support purposes.  We disagree.

{¶31}  We find appellee's arguments to be disingenuous.  Appellee disputes appellant's argument that the ten year monthly distributive award ($1,708.00) should be included as income to her.  Now appellee argues appellant's non-marital income property should be used in her favor.

{¶32}  Nowhere in R.C. 3105.18(C) is the requirement that the parties have the same income.  It is clear when you read the decision as a whole, the magistrate considered the various funds available to the parties and chose a spousal support award that would reflect the value of each party's relative earnings.  To reconfigure the award suggested by this cross-assignment of error would result in an additional $2,769.00 to appellant's income and $1,708.00 to appellee's income.  We cannot find the additional $1,000.00 net to appellant of separate property would result in any change in the award.

{¶33} Cross-Assignment of Error I is denied.

{¶34} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. John W. Wise

_____
Hon. Craig R. Baldwin

SGF/sg 806

[Cite as *Kazakis v. Kazakis*, 2013-Ohio-4181.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROSE KAZAKIS | : | |
| | : | |
| Plaintiff-Appellee/Cross-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PETER KAZAKIS | : | |
| | : | |
| Defendant-Appellant/Cross Appellee | : | CASE NO. 2012CA00227 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed.  Costs to appellant.

_____

Hon. Sheila G. Farmer

_____

Hon. John W. Wise

_____

Hon. Craig R. Baldwin