[Cite as *Bickham v. Bickham*, 2011-Ohio-4213.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| KATHY S. BICKHAM | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| WILLIAM H. BICKHAM | : | Case No. 11-CA-9 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas,
Domestic Relations Division, Case No.
2006DR00500


JUDGMENT:        Reversed and Remanded


DATE OF JUDGMENT ENTRY:        August 22, 2011


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD L. SOLOVE                    ANTHONY W. GRECO
KERRY L. MCCORMICK                KENNETH L. FINLEY
ELISABETH M. HOWARD            6810 Caine Road
79 Thurman Avenue                    Columbus, OH  43235
Columbus, OH  43206

*Farmer, J.*

{¶1}   On December 8, 2006, appellant, William Bickham, and appellee, Kathy Bickham, entered into an agreed judgment entry decree of divorce, resolving all issues related to their minor child and the termination of their marriage.  Pursuant to the agreement, appellant was to pay appellee spousal support in the amount of $1,750.00 per month, to terminate upon the death of either party, appellee's remarriage or cohabitation, or the expiration of 102 months.

{¶2}   On February 18, 2009, appellant filed a motion to terminate spousal support due to the fact that appellee was cohabitating with Robert Hahn.  A hearing before a magistrate was held on March 24, 2010.  By decision filed November 9, 2010, the magistrate found insufficient proof of appellee and Mr. Hahn cohabitating and denied the motion.  Appellant filed objections.  By decision filed January 3, 2011, the trial court overruled the objections and approved and adopted the magistrate's decision.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}   "THE COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT APPELLEE DOES NOT COHABITATE WITH ROBERT HAHN AND CONTINUING SPOUSAL SUPPORT, THE COURT'S DECISION WAS UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF EVIDENCE."

I

{¶5}   Appellant claims the trial court erred in denying his motion to terminate his spousal support order.  We agree.

{¶6}    Appellant specifically challenges the trial court's finding that appellee was not cohabitating with Mr. Hahn.  In reviewing a case involving domestic violence, the Supreme Court of Ohio set forth two primary factors to consider in determining cohabitation:

{¶7}    "Having considered the above definitions of 'cohabitant' and 'family or household member,' we conclude that the essential elements of 'cohabitation' are (1) sharing of familial or financial responsibilities and (2) consortium.  R.C. 2919.25(E)(2) and related statutes.  Possible factors establishing shared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets.  Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations.  These factors are unique to each case and how much weight, if any, to give to each of these factors must be decided on a case-by-case basis by the trier of fact."  *State v. Williams* (1997), 79 Ohio St.3d 459, 465.

{¶8}    In *Shippy v. Shippy,* Guernsey App. No. 10CA000016, 2010-Ohio-5332, ¶28, this court quoted the following from *Moell v. Moell* (1994), 98 Ohio App.3d 748, 752:

{¶9}    " 'Many factors may be considered in deciding whether cohabitation exists in a particular set of facts.  We previously addressed the issue of cohabitation in *Dickerson v. Dickerson,* supra.  In that case, we noted that "cohabitation" describes an issue of lifestyle, not a housing arrangement.  *Dickerson,* supra, 87 Ohio App.3d at 850, 623 N.E.2d at 239.  Further, when considering the evidence, the trial court should look to three principal factors.  These factors are "(1) an actual living together; (2) of a

sustained duration; and (3) with shared expenses with respect to financing and day-to-day incidental expenses." *Id.* at fn. 2, citing *Birthelmer v. Birthelmer* (July 15, 1983), Lucas App. No. L83-046, 1983 WL 6869.' " See also, *Waters v. Boney,* Stark App. No. 2008-CA-00127, 2009-Ohio-574.

{¶10} We note a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶11} In denying appellant's motion, the magistrate's November 9, 2010 decision, approved and adopted by the trial court, cited the separate residences of Mr. Hahn and appellee, as well as the lack of evidence regarding shared expenses:

{¶12} "In applying the three factors enumerated in *Dickerson,* there is no doubt that Ms. Bickham and Mr. Hahn have a committed exclusive relationship for about the last three years, by their admission. He spends nearly every night with Ms. Bickham and every vacation except one in the past three years. Therefore, there is no doubt as to the relationship.

{¶13} "While the parties spend a great deal of time together, they do have separate residences. In a recent Fifth District case, *Shippy v. Shippy* (10/21/10) 10-CA-16, Unreported, the parties had actually moved furniture and personal items into each other's homes, however, this was not deemed cohabitation by the trial court and supported by the Court of Appeals. Therefore, while these parties spend much of their

time together, they do maintain separate residences and do not necessarily live together.

{¶14} "However, even if their committed relationship, combined with their regular use of Ms. Bickham's home is the functional equivalent of living together, there is still the issue of sharing of expenses and finances on a day-to-day basis.

{¶15} "***

{¶16} "Ms. Bickham's explanation for the excess deposits compared with income is that her parents give her money and that she regularly transfers funds from a savings account (which started with $6,500) to her checking account and visa versa. Due to the cost of producing the records, as Ms. Bickham and Mr. Hahn do no keep check registries and rely exclusively on the bank's records, the Court is without direct evidence as to Mr. Hahn paying a utility bill, a grocery bill, a car payment, or other day-to-day expenses for Ms. Bickham (with the exception of her using his credit on a few occasions). Thus, the Court is left with a rather dubious explanation for the deposits, but no direct proof of payments.

{¶17} "***

{¶18} "The problem is that the standard of proof is providing 'day-to-day' expenses. In other words, other than a few times over three years where she has used his credit, there is a lack of proof that he has paid her fuel bill, rent/mortgage, insurance, or other regular expenses, or visa-versa. There were no witnesses who testified that the parties came-in and obtained a loan together, talked about a major purchase together, or any other comingling of their expenses and income. The Court is mindful that the proof may have been available in Mr. Hahn's records and that obtaining those

records and the cost of reviewing them was prohibitive. But, the Court can only decide the matter based on the proof presented and that proof creates a suspicion of commingling, but a suspicion does not meet the movant's burden of proof. Thus, the Court overrules Mr. Bickham's Motion to Terminate Spousal Support."

{¶19} We acknowledge the trial court did not find any evidence of shared living expenses as a basis for the denial. As cited supra, Ohio courts on the issue of cohabitation have set out factors to be considered, but have not held that all of the factors had to be resolved in the movant's favor.

{¶20} Appellee and Mr. Hahn have virtually lived together since at least the summer of 2007 (27 days out of 30 days a month). T. at 11, 124-125. Mr. Hahn maintains some personal items at appellee's home, but has a home at Buckeye Lake which is generally used in the good weather months only. T. at 11-12, 126, 163-164.

{¶21} We therefore conclude the first two factors, an actual living together of a sustained duration, are clearly resolved in favor of cohabitation.

{¶22} Both appellee and Mr. Hahn stated that Mr. Hahn provided no support for appellee or her residence. T. at 15, 125. Although Mr. Hahn admitted to using appellee's utilities and cable, he insisted that he did not pay for anything and was not an extra burden on the utilities. T. at 205, 217-218. At one point, Mr. Hahn took the absurd position that he did not even use toilet paper. T. at 184. Both appellee and Mr. Hahn maintained that funds to appellee via credit card purchases or the loan to her for a down payment on her condo were to be paid back. T. at 38, 138-139, 160. They attempted to support this argument with spreadsheets that were not drafted until after appellant's motion was filed. T. at 151. In fact, Mr. Hahn admitted the balance forward

used to initiate the spreadsheet could not be documented. T. at 177. Mr. Hahn permitted appellee to have access to his credit card accounts up to their limits. T. at 155-156.

{¶23} Appellant presented evidence that although appellee's income was limited to her employment ($20,000 - $21,000), child support ($1,150.00 per month) and spousal support ($1,750.00 per month), her expenses exceeded the total by $139.72 a month. T. at 98-99. Appellee could not explain the deficit nor could she explain how her checking account deposits were some $30,000 in excess of her income. T. at 55-56. Even if we accepted appellee's statement that her parents gifted her possibly $5,000 a year (T. at 33), it does not account for the unexplained funds.

{¶24} Proof of shared expenses does not have to be by direct evidence alone, but can be established by circumstantial evidence. In this case, the direct evidence of the unexplained funds leads to the logical inference that appellee is receiving funds from Mr. Hahn.

{¶25} Either we accept Mr. Hahn's position that he is a visitor at appellee's residence, living off the income of a woman who makes substantially less than him, or we make the inference that these are two intelligent individuals who understand the cohabitation issue (Mr. Hahn also pays spousal support) who are trying to delude the trial court. Either Mr. Hahn is a "moocher" or he is paying his way. Both agree if they were married, the financial issues would be the same save health benefits. T. at 105, 109. We conclude the third factor in determining cohabitation, shared expenses with respect to financing and day-to-day incidental expenses, has been minimally satisfied and the trial court erred in not finding cohabitation.

{¶26} The sole assignment of error is granted.

{¶27} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby reversed, and the matter is remanded to said court to determine a cohabitation date for the termination of spousal support.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.


_s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ Julie A. Edwards_____

                              JUDGES


SGF/sg 721

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| KATHY S. BICKHAM | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM H. BICKHAM | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-9 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is reversed, and the matter is remanded to said court to determine a cohabitation date for the termination of spousal support.  Costs to appellee.



s/ Sheila G. Farmer_____



_s/ William B. Hoffman_____



_s/ Julie A. Edwards_____

JUDGES