[Cite as *Mengel v. Mengel*, 2021-Ohio-4166.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JEFFREY A. MENGEL | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JEANNINE L. MENGEL | : | Case No. 21 CAF 05 0022 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 16 DR A 11 0546

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      November 24, 2021

APPEARANCES:

For Plaintiff-Appellee

ANTHONY M. HEALD
125 North Sandusky Street
Delaware, OH 43015

For Defendant-Appellant

JOEL M. SPITZER
285 South Liberty Street
Powell, OH 43065

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Jeannine L. Mengel, appeals the April 26, 2021 judgment entry of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division, terminating the spousal support obligation of Plaintiff-Appellee, Jeffrey A. Mengel.

### FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant and appellee were divorced on August 27, 2018. Appellee was ordered to pay appellant spousal support in the amount of $500 per month for a period of five years. The spousal support award was subject to termination upon the death of either party, the marriage of appellant, or appellant's cohabitation with a non-related adult male.

{¶ 3} On May 6, 2020, appellee filed a motion to terminate spousal support, claiming appellant was cohabitating with a non-related adult male.

{¶ 4} A hearing before a magistrate was held on October 2, 2020. By decision filed March 2, 2021, the magistrate found based upon the evidence presented, appellant was cohabitating with her boyfriend. The magistrate granted appellee's motion and terminated his spousal support obligation effective June 1, 2020.

{¶ 5} Appellant filed objections. By judgment entry filed April 26, 2021, the trial court overruled the objections, adopted the magistrate's decision, incorporated the findings of fact and conclusions of law, and terminated appellee's spousal support obligation.

{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 7} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION RESULTING WHEN IT TERMINATED APPELLEE'S SPOUSAL SUPPORT OBLIGATION, AS THE DECISION THAT THE APPELLANT AND HER BOYFRIEND WERE COHABITATING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

I

{¶ 8} In her sole assignment of error, appellant claims the trial court erred and abused its discretion in terminating appellee's spousal support obligation. We disagree.

{¶ 9} Appellant filed objections to the magistrate's findings regarding her cohabitation, but did not file a transcript of the magistrate's hearing for the trial court's review. Civ.R. 53(D)(3)(b)(iii) states the following in pertinent part:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶ 10} As this court stated in *Doane v. Doane,* 5th Dist. Guernsey No. 00CA21, 2001 WL 474267, *3 (May 2, 2001):

Because appellant did not file a transcript of the trial proceedings with his objections to the magistrate's decision, the factual findings of the magistrate are deemed established and may not be attacked on appeal. Accordingly, we review appellant's assignments of error only to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts.

{¶ 11} When a party objecting to a magistrate's decision has failed to provide the trial court with a transcript of the evidence by which the trial court could make a finding independent of the decision, the appellate court is precluded from considering the transcript of the magistrate's hearing submitted with the appellate record. *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 654 N.E.2d 1254 (1995).

{¶ 12} Further, pursuant to Civ.R. 53(D)(3)(b)(ii), "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." On March 15, 2021, appellant filed a general objection to the magistrate's decision without alleging an error committed by the magistrate. Along with the broad objection, appellant requested an extension to file more specific objections once the transcript was completed. Pursuant to Civ.R. 53(D)(3)(b)(iii), appellant had until April 15, 2021, to file the transcript. As noted by the trial court in its April 26, 2021 judgment entry, "[t]o date, neither the

transcript, nor a request for additional time to file the transcript, have been filed with this Court."

{¶ 13} Accordingly, we will review appellant's assignment of error to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts.

{¶ 14} In order to establish cohabitation, our colleagues from the Sixth District in *Moell v. Moell,* 98 Ohio App.3d 748, 752, 649 N.E.2d 880 (6th Dist.1994), stated the following:

Whether or not a particular living arrangement rises to the level of lifestyle known as "cohabitation" is a factual question to be initially determined by the trial court. *Dickerson v. Dickerson* (1993), 87 Ohio App.3d 848, 851, 623 N.E.2d 237, 239; *Piscione v. Piscione* (1992), 85 Ohio App.3d 273, 276, 619 N.E.2d 1030, 1032. Many factors may be considered in deciding whether cohabitation exists in a particular set of facts. We previously addressed the issue of cohabitation in *Dickerson v. Dickerson, supra.* In that case, we noted that "cohabitation" describes an issue of lifestyle, not a housing arrangement. *Dickerson, supra,* 87 Ohio App.3d at 850, 623 N.E.2d at 239. Further, when considering the evidence, the trial court should look to three principal factors. These factors are "(1) an actual living together; (2) of a sustained duration; and (3) with shared expenses with respect to financing and day-to-day incidental expenses." *Id.* at fn. 2,

citing *Birthelmer v. Birthelmer* (July 15, 1983), Lucas App. No. L-83-046, unreported, 1983 WL 6869.

{¶ 15} " 'Possible factors establishing shared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets. Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations.' " *Bickham v. Bickham,* 5th Dist. Fairfield No. 11-CA-9, 2011-Ohio-4213, ¶ 7, quoting *State v. Williams,* 79 Ohio St.3d 459, 465, 683 N.E.2d 1126 (1997).

{¶ 16} In her decision filed March 2, 2021, the magistrate made extensive findings of fact relative to appellant's cohabitation with her boyfriend. The magistrate heard testimony from both appellant and appellee. The magistrate found appellant resided in a home with her boyfriend since April 2020. They share the master bedroom. They have been in a relationship since October 2018. They are in an exclusive committed relationship and "have a romantic and sexual relationship." They have affection for one another. They share day-to-day living expenses, travel together, and attend sporting events together. They assist each other during hospitalizations. "They appear to be a source of comfort to one another." Other people view appellant and her boyfriend as "a couple." Based upon the evidence presented, the magistrate concluded appellant was cohabitating with her boyfriend.

{¶ 17} We find the magistrate's conclusion to be fully supported by her findings of fact. The trial court conducted a review and "found no error of law or defect on the face of the Magistrate's Decision." Judgment Entry filed April 26, 2021.

{¶ 18} Upon review, we find the trial court did not abuse its discretion in adopting the magistrate's decision and terminating appellee's spousal support obligation.

{¶ 19} The sole assignment of error is denied.

{¶ 20} The judgment of the Court of Common Pleas of Delaware County, Ohio, Domestic Relations Division, is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/db