[Cite as *Spehar v. Spehar*, 2023-Ohio-32.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| MICHELLE M. SPEHAR | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| GEORGE SPEHAR | : | Case No. 2022 CA 93 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2021DR00149



JUDGMENT:        Affirmed



DATE OF JUDGMENT:        January 6, 2023



APPEARANCES:

For Plaintiff-Appellant

JEFFREY JAKMIDES
325 East Main Street
Alliance, OH  44601

For Defendant-Appellee

ROSEMARY G. RUBIN
1435 Market Avenue, North
Canton, OH  44714

*Wise, Earle, P.J.*

{¶ 1}   Plaintiff-Appellant, Michelle M. Spehar, appeals the July 6, 2022 judgment entry of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, finding her to be in a cohabitation relationship and terminating the spousal support obligation of Defendant-Appellee, George Spehar.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant and appellee were divorced on August 12, 2021.  Pursuant to the parties' separation agreement, appellee was required to pay spousal support to appellant in the amount of $800.00 per month for eighty-four months.  Spousal support would terminate upon the death of either party, remarriage of appellant, or cohabitation by appellant with a non-related male.  The trial court retained continuing jurisdiction over the issue of spousal support.  In addition, appellant was required to refinance the marital property within ninety days and pay appellee $37,000.00 as his portion of the equity in the home.

{¶ 3}   Appellant was unable to refinance the home without a co-signor.  Relatives were unable to co-sign, so appellant's fiancé, Frank Tatka, III, co-signed on the mortgage. Both appellant and Mr. Tatka were placed on the joint and survivorship deed.

{¶ 4}   On December 7, 2021, appellee filed a motion to terminate spousal support due to appellant's cohabitation with Mr. Tatka.  A hearing before a magistrate was held on March 17, 2022.  By decision filed March 30, 2022, the magistrate found appellant was not cohabitating with Mr. Tatka, nor was he providing her with financial support. Therefore, the magistrate denied appellee's motion.

{¶ 5} Appellee filed objections. A hearing before the trial court was held on May 12, 2022. By judgment entry filed July 6, 2022, the trial court sustained appellee's objection, finding appellant was in a cohabitation relationship and terminating appellee's spousal support obligation.

{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 7} "THE TRIAL COURT ERRED IN OVERRULING THE MAGISTRATE, FINDING THAT APPELLANT AND HER FIANCÉ WERE COHABITATING AND RULING THAT APPELLEE'S SPOUSAL SUPPORT OBLIGATION SHOULD TERMINATE ON DECEMBER 7, 2021."

I

{¶ 8} In her sole assignment of error, appellant claims the trial court erred in overruling the magistrate's decision and finding her to be in a cohabitation relationship and terminating appellee's spousal support obligation. We disagree.

{¶ 9} In order to establish cohabitation, our colleagues from the Sixth District in *Moell v. Moell,* 98 Ohio App.3d 748, 752, 649 N.E.2d 880 (6th Dist.1994), stated the following:

Whether or not a particular living arrangement rises to the level of lifestyle known as "cohabitation" is a factual question to be initially determined by the trial court. *Dickerson v. Dickerson* (1993), 87 Ohio App.3d 848, 851, 623 N.E.2d 237, 239; *Piscione v. Piscione* (1992), 85 Ohio

App.3d 273, 276, 619 N.E.2d 1030, 1032. Many factors may be considered in deciding whether cohabitation exists in a particular set of facts. We previously addressed the issue of cohabitation in *Dickerson v. Dickerson, supra.* In that case, we noted that "cohabitation" describes an issue of lifestyle, not a housing arrangement. *Dickerson, supra,* 87 Ohio App.3d at 850, 623 N.E.2d at 239. Further, when considering the evidence, the trial court should look to three principal factors. These factors are "(1) an actual living together; (2) of a sustained duration; and (3) with shared expenses with respect to financing and day-to-day incidental expenses." *Id.* at fn. 2, citing *Birthelmer v. Birthelmer* (July 15, 1983), Lucas App. No. L-83-046, unreported, 1983 WL 6869.

{¶ 10} " 'Possible factors establishing shared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets. Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations.' " *Bickham v. Bickham,* 5th Dist. Fairfield No. 11-CA-9, 2011-Ohio-4213, ¶ 7, quoting *State v. Williams,* 79 Ohio St.3d 459, 465, 683 N.E.2d 1126 (1997).

{¶ 11} The magistrate heard testimony from several witnesses including appellant and Mr. Tatka. The magistrate found the testimony of both appellant and Mr. Tatka to be credible, and found appellee did not meet his burden of demonstrating cohabitation. The magistrate found "the parties do not reside together * * * Mr. Tatka provides no financial

support to Plaintiff," the parties "share no expenses and Mr. Tatka provides no financial support."  March 30, 2022 Magistrate's Decision, Applicable Law and Analysis.

{¶ 12} In a lengthy judgment entry filed July 6, 2022, the trial court quoted numerous excerpts of testimony and found appellant and Mr. Tatka "have lived together for a sustained duration with shared expenses with respect to financing and day-to-day expenses."  (Emphasis deleted.)  The trial court noted appellant and Mr. Tatka "jointly own a residence for which they are both legally obligated to pay the mortgage."  The parties "knowingly obtained a mortgage for an amount which was above and beyond that which was required by the divorce decree."  The excess funds have been used to pay day-to-day living expenses as well as purchase furnishings for the jointly owned home.  Mr. Tatka spends three to five nights a week at the home where they share a bedroom.  "They have followed this schedule on a regular basis since shortly after the divorce in August, 2021."  Mr. Tatka has helped with repairs at the home, takes appellant and her children out to dinner, and shares a cell phone plan with appellant.  The trial court then concluded the following:

It is clear to this court, Plaintiff and her fiancé, Mr. Tatka, are in a traditional marriage-like relationship with all the benefits and responsibilities which go along with such a relationship.  Their relationship approximates, or is the functional equivalent of, a marriage.  It is clear Plaintiff and her fiancé, Mr. Tatka, are in a living arrangement which rises to the level of lifestyle known as cohabitation.  The rationale presented by the Plaintiff that the Decree of Divorce forced her to refinance the house with the assistance

of her fiancé, Mr. Tatka, has no basis in law.  Every payment made toward the outstanding mortgage increases the equity for both Plaintiff and her fiancé, Mr. Tatka.

{¶ 13} In our review of the testimony presented, we cannot say the trial court abused its discretion in finding cohabitation.  March 17, 2022 T. at 7-11, 20-23, 26-29, 35-36, 38, 41-44, 49-52, 55-56, 62-67.  Although the magistrate's decision found no cohabitation, we do not find the trial court's decision to be completely unreasonable and arbitrary for all the reasons cited above.  Notwithstanding the fact Mr. Tatka maintains a separate residence that he rents, as a co-signor on the prior marital residence, Mr. Tatka is building equity in the home and in the event appellant should pass first, Mr. Tatka becomes the sole owner of the home.  We find this to be a distinguishing factor from the case cited by appellant in support of her position, *Grischow v. Grischow,* 5th Dist. Delaware No. 18 CAF 07 0052, 2019-Ohio-1856.

{¶ 14} Upon review, we find the trial court did not abuse its discretion in finding cohabitation and terminating spousal support.

{¶ 15} The sole assignment of error is denied.

{¶ 16} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, is hereby affirmed.

By Wise, Earle, P.J.

Wise, John, J. and

Baldwin, J. concur.

EEW/db